545 F.2d 1233
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE 1972 MERCEDES-BENZ 250, MOTOR NO. 130923-10-0k8643,
SERIAL NO. 114023120075501, CALIFORNIA LICENSE NO.
534 GIW, its tools and appurtenances,
Defendant-Appellant,
William S. HELLER, on Behalf of E. G. Heller's Son, Inc.,
Claimant and Real Party in Interest-Appellant.
 No. 75-1845.
 United States Court of Appeals,
Ninth Circuit.
 Nov. 18, 1976.
Rehearing and Rehearing En Banc Denied Jan. 25, 1977.
 
 Victor E. Sherman, Beverly Hills, Cal., for defendant-appellant.
 Roger E. West, Asst. U. S. Atty. (argued), Los Angeles, Cal., for plaintiff-appellee.
 Before TRASK, GOODWIN and KENNEDY, Circuit Judges.
 TRASK, Circuit Judge:
 
 
 1
 William S. Heller, on behalf of E. G. Heller's Son, Inc., claimant, appeals from the trial court's judgment of forfeiture entered January 30, 1975, in favor of plaintiff, United States of America, and against the defendant, One 1972 Mercedes-Benz 250 automobile, and claimant, William S. Heller.
 
 
 2
 On March 1, 1974, as a result of previous negotiations, an agreement was reached between Robert Heller, and Special Agents Steven Jennings and Richard Polehanka, of the Drug Enforcement Administration, who were acting in an undercover capacity, whereby Robert Heller agreed to sell one-quarter pound of cocaine to Agents Jennings and Polehanka for $6,800. Heller attempted to complete the transaction, using the 1972 Mercedes-Benz automobile in question to transport and facilitate the sale of the cocaine, a controlled substance, in violation of 21 U.S.C. § 841(a)(1). The automobile was seized at the time of arrest and transported to a government storage facility in Bell, California.
 
 
 3
 By letter dated March 13, 1974, claimant-appellant, William S. Heller, father of Robert Heller, was advised by the Drug Enforcement Administration, United States Department of Justice, of the March 1, 1974, seizure of defendant-appellant vehicle. In the letter appellant was informed of his right to submit a petition for remission or mitigation of the forfeiture. 19 U.S.C. § 1618.[1] On March 13, 1974, appellant submitted a petition for remission or mitigation of forfeiture of appellant vehicle to the Drug Enforcement Administration, Los Angeles, California.
 
 
 4
 On April 10, 1974, a complaint for forfeiture was filed by plaintiff-appellee, the United States of America, alleging that appellant vehicle was unlawfully used to facilitate the transportation and sale of cocaine, a controlled substance. On April 18, 1974, an answer to the complaint for forfeiture was filed on behalf of appellant. Appellant counterclaimed for return of appellant automobile and for damages suffered as a result of its seizure. Appellee filed an answer to the counterclaim on March 8, 1975.
 
 
 5
 William S. Heller, in his answer filed April 18, identified himself as the owner of the automobile and the claimant and real party in interest. He amplified his position by affidavit filed in the action on July 8, 1974, stating that he had purchased the car and had remained the owner at all times, and that Robert Heller was not and had never been the owner; that it was never given to Robert Heller as a gift or as his sole property but made available to him only in connection with his employment for E. G. Heller's Son, Inc. Other evidence shows that the formal title was in the corporation and not in William S. Heller.
 
 
 6
 Within the framework of the pleadings, a pretrial conference order was prepared, filed, approved as to form and content by both counsel, and signed by the court. It related the facts of the underlying arrest of Robert Heller and the seizure of the automobile, and contained an agreement by the parties that the arresting officers would testify in accordance with those facts if called. The order stated that claimant was notified on March 13, 1974, by the Drug Enforcement Administration of the seizure of the automobile and of claimant's right to submit a petition for remission or mitigation of the forfeiture; that claimant immediately did submit such a petition; and that "by letter dated June 18, 1974, the Chief of Narcotics and Dangerous Drugs Section, Criminal Division, United States Department of Justice, denied claimant's petition for remission."
 
 
 7
 Among the issues of fact to be tried in the forfeiture action was the actual ownership of the vehicle; among the issues of law to be litigated was whether the remission sections provide due process and equal protection of law.
 
 
 8
 At the trial before the court, it found the facts as to the arrest of Robert Heller and the seizure of the automobile in accordance with the proffered testimony of the officers. The court then found that the Mercedes-Benz was at all material times being used by Robert Heller with the permission of William S. Heller, claimant.
 
 
 9
 One of the court's conclusions of law was that it did "not have jurisdiction to review the administrative denial of the claimant's Petition for Remission or Mitigation of Forfeiture." The court also concluded that "the alleged innocence of the claimant, William S. Heller, is not a defense to this forfeiture action," and that 19 U.S.C. §§ 1615 and 1618 "are not unconstitutional, either on the grounds of vagueness or upon the grounds that they deny due process or equal protection of the law."
 
 I.
 
 10
 We quickly affirm the trial court's decision that the destruction of the cocaine by the government prior to the trial does not justify a reversal. The court found no evidence of bad faith or connivance in this event. We note that the claimant had a five and one-half month period to make any investigation of the drug he wished to make, and therefore we find that he was not prejudiced by the destruction. United States v. Heiden, 508 F.2d 898 (9th Cir. 1974).II.
 
 
 11
 Appellant asserts that 21 U.S.C. § 881 and 19 U.S.C. §§ 1602-1621 are unconstitutional, for the reason that they violate the fifth Amendment's Due Process Clause by not providing for a specific time limit in which a hearing must be afforded to one whose property is sought to be forfeited. In addition, appellant contends that the hearing involved here was not prompt enough to comport with the requirements of due process under the Fifth Amendment.
 
 
 12
 Appellant's argument that the forfeiture statutes are facially unconstitutional is without merit. The statutes involved provide that the government agents shall report seizures of vehicles "immediately" (19 U.S.C. § 1602); and the United States Attorney is obliged "immediately" to inquire into the acts so reported and to institute proceedings "forthwith" in appropriate cases (19 U.S.C. § 1604). We find that these statutes, on their face, are constitutional.
 
 
 13
 Appellant's argument that the statutes, as applied in this case, resulted in a denial of due process is also devoid of merit.
 
 III.
 
 14
 In addition to the forfeiture action, a "vehicle petition" investigation was conducted by officers of the Federal Drug Enforcement Administration. The investigation was based upon the petition for remission or mitigation of forfeiture. Information was obtained during the investigation which cast some doubt upon the true ownership of the vehicle. The petition was therefore denied by letter dated June 18, 1974, executed on behalf of William E. Ryan, Chief, Narcotics and Dangerous Drug Section, Criminal Division.[2] Although some of the reasons might be subject to question, the Attorney General through his delegate did accept jurisdiction and authority to conduct an investigation, and made his determinations on the basis of the facts developed. It is well established that under these circumstances the Attorney General's denial of a request for remission is not reviewable. United States v. One 1970 Buick Riviera Sedan, 463 F.2d 1168, 1170 (5th Cir.), cert. denied, National Bank of New Orleans v. United States, 409 U.S. 980, 93 S.Ct. 314, 34 L.Ed.2d 244 (1972); United States v. One 1967 Ford Mustang, 457 F.2d 931, 932-33 (9th Cir. 1972), cert. denied, 409 U.S. 850, 93 S.Ct. 59, 34 L.Ed.2d 92 (1973); United States v. One 1961 Cadillac, 337 F.2d 730 (6th Cir. 1965). In declining to review the Attorney General's denial of claimant's petition for remission, we are not unmindful of United States v. United States Coin & Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971), and Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974). In both cases the law is reaffirmed to the effect that statutory forfeitures are not unconstitutional because they enmesh the property interests of innocents. Pearson Yacht Leasing, supra, at 680, 94 S.Ct. 2080. But as was further noted in Pearson Yacht Leasing, there are indications that serious constitutional problems could arise where the claimant can prove that he was uninvolved and unaware of the unlawful activity and not guilty of any negligence which permitted it. Id. at 689-90, 94 S.Ct. 2080. Here, the uncertainty of the facts to support the petition to mitigate so fogs the equities that we remain unpersuaded by appellant's claim that the Attorney General's action was erroneous.
 
 IV.
 
 15
 In arguing that 19 U.S.C. § 1618 is impermissibly vague, appellant begins by citing United States v. United States Coin & Currency,supra, for the proposition that forfeiture statutes are intended to impose a penalty only upon those significantly involved in a criminal enterprise. Appellant then states that:
 
 
 16
 "The contrast between this construction and the statutes' expressed (sic ) language leaves ample room for uncertainty as to precisely what kind of conduct is penalized. Therefore, Section 1618 of Title 19 U.S.C., and related sections, are void for vagueness, under the Fifth Amendment Due Process requirements." Appellant's Opening Brief at 15.
 
 
 17
 We cannot agree with appellant's conclusion. The language of the statute is not unclear, and neither should there be any great doubt as to its application. In United States v. Coin & Currency, the Court noted that upon a showing that the " 'forfeiture was incurred without willful negligence or without any intention on the part of the petitioner . . . to violate the law' . . . . the Secretary is authorized to return the seized property . . . ." Id. at 721, 91 S.Ct. at 1045. It added significantly:
 
 
 18
 "It is not to be presumed that the Secretary will not conscientiously fulfill this trust, and the courts have intervened when the innocent petitioner's protests have gone unheeded. United States v. Edwards, 368 F.2d 722 (CA 4 1966); Cotonificio Bustese, S. A. v. Morgenthau, 74 App.D.C. 13, 121 F.2d 884 (1941) (Rutledge, J.)." Id.
 
 
 19
 This view of the statute has prevailed both before and after United States Coin & Currency; United States v. One Ford Coupe, 272 U.S. 321, 333, 47 S.Ct. 154, 71 L.Ed. 279 (1926); Van Oster v. Kansas, 272 U.S. 465, 467, 47 S.Ct. 133, 71 L.Ed. 354 (1926); Pearson Yacht Leasing Co., supra, at 689, 94 S.Ct. 2080. The appellant's problem is that he simply did not establish to the Attorney General's reasonable conviction that he is within it. Cf. United States v. One 1974 Mercury Cougar XR 7, 397 F.Supp. 1325 (C.D.Cal.1975).
 
 
 20
 The judgment is affirmed.
 
 
 
 [1]
 Section 1618 provides for the filing and processing of such petitions with the Secretary of the Treasury for violations of customs laws. The same laws and proceedings are made available to the Attorney General under the Drug Abuse Prevention and Control Act, 21 U.S.C. § 881(d). See also Executive Order No. 6166 (June 10, 1933)
 
 
 [2]
 "The petition has been denied because petitioner failed to establish a good faith interest in the vehicle as required by 28 C.F.R. 9.5(c)(1). There is evidence before the Department that subject vehicle was a gift of William Heller, petitioner's president, to Robert Heller, his son and the violator in the instant case. Additionally there is evidence that the only reason the vehicle is registered to petitioner is for tax purposes. In short, Robert Heller is the actual owner of the vehicle. This being so, there is no reason for the Department to grant the petition." Exhibit A, Case CV 74-952, 12/9/74