**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**ONE 1970 FORD PICKUP, SERIAL NO. F10YRG53615, License No. 73888E, its tools and appurtenances, Defendant-Appellee.**

No. 75–2944.

United States Court of Appeals,
Ninth Circuit.

Nov. 10, 1977.

Stephen D. Petersen (argued), Los Angeles, Cal., for plaintiff-appellant.

Victor Sherman, of Nasatir, Sherman & Hirsch, Beverly Hills, Cal., for defendant-appellee.

Before MERRILL, ELY and CHOY, Circuit Judges.

CHOY, Circuit Judge:

The Government appeals from the district court's order denying its complaint for forfeiture of a 1970 Ford pickup. We affirm.

On August 23, 1973, a special agent of the United States Secret Service was sent to claimant Julian Anthony Acosta's printing shop to supervise the seizure of printing equipment allegedly used by Acosta in certain counterfeiting activities. After the agent informed Acosta of his constitutional rights, Acosta stated that he had driven the involved pickup from Los Angeles to Lake Tahoe, California with two counterfeit twenty dollar bills in his possession. Secret Service Agents seized the vehicle the next day pursuant to 49 U.S.C. §§ 781 & 782, providing for seizure of vehicles used to transport contraband.

The procedures relating to violations of the customs laws, 19 U.S.C. §§ 1602–1621, are made applicable to the seizure and forfeiture of the claimant's vehicle here by 49 U.S.C. § 784. The seizing officer must first "immediately" report the seizure and violation to the collector of the district in which the violation occurred. 19 U.S.C. § 1602. Where legal proceedings by the United States Attorney are required—that is, where a forfeiture is to be sought—the collector or the principal local officer of the Customs Agency Service must next file a report of the case with the United States Attorney for the district in which the alleged violation or seizure occurred. *Id.* § 1603. Finally, the United States Attorney must "immediately" inquire into the facts of the case and institute and prosecute the proper proceedings "forthwith" and "without delay." *Id.* § 1604.

Claimants are afforded an independent administrative procedure to secure the return of seized property by virtue of the remission petition scheme of 19 U.S.C. § 1618.

On September 18, 1973, Acosta filed an administrative petition for remission with the Customs Agency pursuant to § 1618. Over four months later, on January 31, 1974, and after several inquiries by the claimant, the Acting District Director of the Bureau of Customs requested, for the first time, that the Secret Service initiate an investigation. On April 2, 1974, six and one-half months after its submission, the petition was denied and the claimant was notified that a $250 cost bond would have to be submitted within thirty days if he wished to contest the forfeiture. He submitted the bond on April 30, 1974, and, under § 1603, the case was referred to the office of the United States Attorney by letter dated May 14, 1974. On July 16, 1974, eleven months after the vehicle's seizure and two months after the case was referred to the United States Attorney, the Government filed a complaint for forfeiture in the district court under § 1604.

The district court found that the out-of-court statement made by the claimant to the Secret Service Agent was insufficient to justify forfeiture without some independent proof that the vehicle was used for illegal purposes. The court also found that, in any event, the delay in filing the complaint for forfeiture was both a violation of 19 U.S.C. §§ 1602–1621 and a denial of due process.

While on its face § 1603, which requires the report to the United States Attorney, does not contain terms such as "immediately," "forthwith" or "without delay" found in the preceding and subsequent sections, negligent or intentional procrastination at that stage of the procedure would frustrate the obvious statutory scheme.

Consequently, promptness in the procedures outlined in § 1603, similar to §§ 1602 & 1604, must have been intended by Congress and we so infer. *See States Marine Lines, Inc. v. Shultz*, 498 F.2d 1146, 1154–55 (4th Cir. 1974); *Sarkisian v. United States*, 472 F.2d 468, 471 (10th Cir.), *cert. denied*, 414 U.S. 976, 94 S.Ct. 291, 38 L.Ed.2d 219 (1973); *United States v. One 1971 Opel G. T.*, 360 F.Supp. 638, 641–42 (C.D.Cal.1973).

From the standpoint of the claimant, the stage in the procedures at which excessive delay occurs is irrelevant. His concern, and the concern of the statutory scheme, is the quick and efficient determination of the property rights in the confiscated vehicle. Furthermore, if reasonable time limitations are not placed upon the application of §§ 1602–1604, a question of the constitutionality of the statutes could be raised. *See United States v. One 1972 Mercedes-Benz 250*, 545 F.2d 1233, 1236 (9th Cir. 1976); *United States v. A Quantity of Gold Jewelry*, 379 F.Supp. 283, 287–88 & nn. 9, 10 (C.D.Cal.1974); *One 1971 Opel G. T.*, 360 F.Supp. at 642. *Cf. United States v. Thirty-Seven (37) Photographs*, 402 U.S. 363, 367–75 & n. 2, 91 S.Ct. 1400, 28 L.Ed.2d 822 (1971).[1] Consequently, it is unnecessary for us to decide whether it is the two month delay under § 1604 or the nine month delay under § 1603, which is fatal to the Government's claim. We only hold that the combined delay of eleven months clearly falls outside of any time period permissible under the statutory scheme. *See United States v. One Motor Yacht Named Mercury*, 527 F.2d 1112, 1114 (1st Cir. 1975); *Sarkisian*, 472 F.2d at 469–71; *One 1971 Opel G. T.*, 360 F.Supp. at 641. *But see United States v. One (1) 1972 Wood, 19 Ft. Custom Boat*, 501 F.2d 1327, 1329 (5th Cir. 1974).

Because of the fast depreciating nature of an automobile, the Government's claim that no prejudice to the claimant resulted from the untimeliness of the Government's action is clearly without merit.

---

1. The Supreme Court implied time restrictions in judicial proceedings for forfeitures under 19 U.S.C. § 1305(a) as it related to photographs seized by customs agents as obscene materials. It is unclear whether the precedent established by *Thirty-Seven Photographs* extends beyond the first amendment prior restraint situation. *But see States Marine Lines*, 498 F.2d at 1154; *Sarkisian*, 472 F.2d at 471–72.

Since we hold that the district court was correct in holding that the Government failed to comply with the statutory time limits we find inherent in 19 U.S.C. §§ 1602–1604, we do not reach appellant's other contentions.

The district court's order is AFFIRMED.[2]

---

**2.** Although not raised in the Government's brief, it could be argued that the claimant's filing of an administrative petition for remission tolled the running of the time period inherent in §§ 1602–1604. Although one circuit has hinted that this might be the case, *see One Motor Yacht Named Mercury*, 527 F.2d at 1114, we conclude that the administrative and judicial proceedings are independent remedies and that neither is an excuse for the tolling of the other. *See A Quantity of Gold Jewelry*, 379 F.Supp. at 287; *One 1971 Opel G. T.*, 360 F.Supp. at 641.