660 F.2d 1319
 John VON NEUMANN, Plaintiff-Appellant,
v.
UNITED STATES of America; Secretary of the Treasury;
Commissioner of Customs; and District Director of
Customs for the Port of Seattle,
District 30.01, Defendants-Appellees.
 No. 79-3761.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 3, 1981.
Decided Nov. 2, 1981.
As Corrected Nov. 5, 1981.
 
 Richard V. Sandler, Sandler & Rosen, Los Angeles, Cal., for plaintiff-appellant.
 Stephen D. Petersen, Howard D. Gest, Asst. U. S. Attys., Los Angeles, Cal., argued, for defendants-appellees; Andrea Sheridan Ordin, U. S. Atty., Los Angeles, Cal., on brief.
 Appeal from the United States District Court for the Central District of California.
 Before TANG and BOOCHEVER, Circuit Judges, and PRICE,* District Judge.
 BOOCHEVER, Circuit Judge.
 
 
 1
 This appeal presents the issue of whether the procedures followed by the United States Bureau of Customs (Customs) in processing an administrative petition for remission or mitigation of the forfeiture of an automobile seized at the border for failure of the owner to make the required declaration, were consistent with due process. John von Neumann's foreign-bought car was seized by Customs officials at the Canadian-United States border after he failed to declare the car upon entering the United States. On the day of the seizure, von Neumann filed an administrative claim for remission or mitigation, and later recovered the car after posting a bond as security. Over a month after the petition was filed, Customs remitted $20,900 to von Neumann, but retained $3,600 as a penalty.
 
 
 2
 Von Neumann filed a complaint in district court, challenging the penalty and the procedures used to assess it. The district court found that von Neumann violated 19 U.S.C. § 1497 by failing to declare the car and thus the seizure was proper. Additionally, the court found that the remission procedure was proper. We agree that seizure was proper under section 1497, but find fatal due process violations in the remission procedure.
 
 FACTS
 
 3
 In 1974, von Neumann purchased a 1974 Jaguar Panther automobile in Switzerland and shipped it to Vancouver, Canada. Prior to shipment, von Neumann registered the car in California and obtained California license plates. On January 20, 1975, von Neumann picked up the car in Vancouver and obtained a release from Canadian Customs to take possession. Canadian Customs officials gave von Neumann form A8A, which authorized transportation of the car to the border, and instructed him to deliver the form to the Canadian Customs border station before leaving the country.
 
 
 4
 Von Neumann and a friend arrived at the United States border checkpoint at Blaine, Washington at 5:00 p. m. on January 20. The Blaine checkpoint is across the highway and slightly south of the Canadian border station. The highway approaching the Blaine Station is a multi-lane highway with several turnoffs for the Canadian Customs building. Von Neumann testified that he inadvertently passed the Canadian station because of poor visibility and inadequate directions. For whatever reasons, von Neumann arrived at the Blaine checkpoint without having delivered form A8A to Canadian Customs.
 
 
 5
 At the Blaine checkpoint, von Neumann and his passenger were briefly questioned by United States Immigration Officer Perkins.[1] Canadian Customs officials had earlier alerted United States Customs that von Neumann's car would be crossing the border, and Perkins matched the description to the car before questioning the occupants. Perkins asked questions relating to citizenship, and specifically asked von Neumann whether he had anything to declare. When von Neumann failed to declare the automobile, Perkins asked him into the checkpoint station and referred the case to Customs Inspector Morrison. Upon being asked why he had not declared the car, von Neumann explained that he did not think he was required to declare it. Morrison then seized the vehicle pursuant to 19 U.S.C. § 1497.[2]
 
 
 6
 Immediately after the car was seized, von Neumann prepared a "Petition for Remission or Mitigation of Forfeiture and Penalties Incurred," see 19 U.S.C. § 1618,[3] explaining that he had intended to deliver the Canadian Customs papers to Canadian Customs but had mistakenly arrived at United States Customs instead. After filing the petition, von Neumann arranged for other transportation into the United States, and left his car with Customs.
 
 
 7
 On February 3, 1975, von Neumann posted a bond for $24,500, the value of his car, and Customs returned the vehicle.[4] On February 25, 1975, the Seattle Director of the Bureau of Customs[5] informed von Neumann that the penalty for failing to declare the car was being reduced to $3,600, and therefore $20,900 would be refunded. Von Neumann requested administrative review of this determination, and on April 14, 1975, the Regional Commissioner of Customs in San Francisco upheld the $3,600 penalty assessment.
 
 
 8
 Having exhausted his administrative remedies, von Neumann filed a complaint in district court on October 14, 1975, seeking: (a) return of the $3,600; (b) injunctive relief to prevent Customs from placing his name on a computer list of violators; (c) a declaration that the seizure and penalty were unlawful.[6] The district court found that von Neumann violated 19 U.S.C. § 1497, and therefore seizure of the car was proper. The court also found that the remission and mitigation procedures were proper, and entered judgment for the government. Von Neumann appeals, challenging the imposition of the penalty as well as the procedures followed by Customs.
 
 DISCUSSION
 I. Violation of 19 U.S.C. § 1497
 
 9
 Von Neumann contends that the district court erred in finding that he violated section 1497, because he was never given an adequate opportunity to declare the car. The district court's determination that von Neumann was given an adequate opportunity to declare and yet failed to declare his car is a factual one, which we will not overturn unless clearly erroneous. United States v. Wagner, 434 F.2d 627, 628-29 (9th Cir. 1970). See Vesey v. United States, 626 F.2d 627, 629 (9th Cir. 1980). The record fully supports the district court's conclusion that von Neumann attempted to introduce his car into United States commerce without declaring it, despite an opportunity to do so.
 
 
 10
 Officer Perkins testified that he asked von Neumann if he had purchased or acquired anything outside of the United States that he was bringing back into the country,[7] and then asked if he had anything to declare. Von Neumann thus had two opportunities to declare the car, yet failed to do so.[8] It is irrelevant whether von Neumann was looking for the Canadian Customs building and did not intend to enter the United States without declaring the car. As the Supreme Court has held,
 
 
 11
 "(t)o succeed in a forfeiture action under § 1497 ... the Government need only prove that the property was brought into the United States without the required declaration; the Government bears no burden with respect to intent."
 
 
 12
 One Lot Emerald Cut Stones v. United States, 409 U.S. 232, 234, 93 S.Ct. 489, 491, 34 L.Ed.2d 438 (1972). In demonstrating that von Neumann failed to declare the car, Customs has shown that the car was subject to forfeiture and that its owner is "liable to a penalty equal to the value of such article (the undeclared car)." 19 U.S.C. § 1497.
 
 
 13
 Von Neumann argues that because Customs regulations required a written declaration for articles exceeding $25 in value, his oral statement failing to declare the car did not constitute a violation of section 1497. 19 C.F.R. § 148.12(b)(2) (1980). This argument is without merit. Perkins was not under any obligation to request a written declaration until von Neumann had orally declared the car, nor did von Neumann ever attempt to submit a written declaration.
 
 
 14
 Von Neumann's final argument is that he was entitled to amend his declaration up until the time his baggage was searched. Although an amendment is proper under Customs regulations, the undeclared item must be "brought to the attention of the examining officer by the passenger." 19 C.F.R. § 148.16(a) (1980). Von Neumann failed to do this. Moreover, Customs was not required to search his baggage. The statute states that customs officers "may cause an examination to be made of the baggage ...." 19 U.S.C. § 1496 (emphasis added). Section 1496 does not provide protection from seizure up until the time a formal baggage search is conducted. The "search" took place when Officer Perkins observed the car and matched it to the description provided by Canadian Customs.
 
 
 15
 The district court's finding that von Neumann failed to declare his car, after an adequate opportunity to do so, is not clearly erroneous. We therefore affirm the district court determinations that von Neumann violated section 1497 and that seizure of the vehicle was proper.[9]
 
 
 16
 II. Due Process Challenge to the Administrative Procedure under 19 U.S.C. § 1618
 
 A. Petition for Remission or Mitigation
 
 17
 Under 19 U.S.C. § 1618, a person whose property is seized and subject to forfeiture may file an administrative petition for remission or mitigation of the penalty. See note 3, supra. In cases where the forfeiture value does not exceed $25,000, the district director may remit or mitigate the penalty "under the law and in view of the circumstances, (as) he shall deem appropriate ...." 19 C.F.R. § 171.21 (1980). The administrative remission process is independent of a judicial action for forfeiture, which must be initiated promptly. 19 U.S.C. §§ 1602-04; Seguin v. Eide, 645 F.2d 804, 808 (9th Cir. 1981); United States v. One 1970 Ford Pickup, 564 F.2d 864, 866 (9th Cir. 1977). In this case, judicial forfeiture proceedings were never initiated; we are only concerned with the propriety of the administrative procedures followed by Customs.
 
 
 18
 The substantive disposition of remission petitions is committed to the Customs Bureau's discretion, and we will not review its decision on the merits of a claimant's petition. United States v. One 1972 Mercedes-Benz 250, 545 F.2d 1233, 1236 (9th Cir. 1976). In this case, however, von Neumann is challenging the procedures utilized to reach the substantive decision. Specifically, he claims that the delay of over a month in acting on his petition was a denial of his fifth amendment right to due process.[10]
 
 
 19
 B. Due Process Right to a Prompt Determination
 
 
 20
 The cases interpreting 19 U.S.C. §§ 1602-04, requiring prompt initiation of judicial forfeiture proceedings, make it clear that due process depends on the circumstances of each individual case. See e. g. Seguin v. Eide, 645 F.2d 804, 808-09 (9th Cir. 1981) (delay of almost 5 months excessive); United States v. One 1970 Ford Pickup, 564 F.2d 864, 866 (9th Cir. 1977) (delay of 11 months excessive); United States v. One 1973 Buick Riviera Automobile, 560 F.2d 897, 901 (8th Cir. 1977) (delay of 5 months justified). The rule in this circuit is that filing of a petition for remission under section 1618 does not excuse Customs from its burden of prompt referral for judicial forfeiture. Ivers v. United States, 581 F.2d 1362, 1372 (9th Cir. 1978).
 
 
 21
 By contrast, there has been little interpretation of the due process requirements for the remission procedure itself, when judicial proceedings have not been initiated.[11] This is perhaps in part because the statutory language authorizing remission does not place any time restrictions on Customs, while the judicial referral statutes use the terms "immediately," "promptly," and "forthwith". Compare 19 U.S.C. § 1618 and 19 C.F.R. §§ 171.11-171.33 (1980) with 19 U.S.C. §§ 1602-04. The absence of statutory language does not eliminate the constitutional requirement of due process, however. The informal, remedial nature of the administrative petition makes rapid processing essential.
 
 
 22
 The purposes of the section 1618 remission process have been described as follows:
 
 
 23
 (F)irst, to permit an administrative review of the propriety of the seizure and the equities involved before any formal court action begins, and second, to give a claimant to seized property a quick, expeditious method of getting his property back without the necessity of hiring a lawyer to defend a court proceeding.
 
 
 24
 United States v. Eight (8) Rhodesian Stone Statues, 449 F.Supp. 193, 202 (C.D.Cal.1978). The need for prompt action is particularly acute where the seized property is an automobile, because "both the necessities and amenities of life may depend upon the availability of an automobile when needed." Stypmann v. City and County of San Francisco, 557 F.2d 1338, 1343 (9th Cir. 1977). See United States v. One 1971 Opel G.T., 360 F.Supp. 638, 641 (C.D.Cal.1973) (automobile is a rapidly depreciating asset). In this case von Neumann was not only deprived of an asset, he was left without transportation at the border, a potentially serious consequence for many travelers. See Lee v. Thornton, 538 F.2d 27, 31 (2d Cir. 1976).
 
 
 25
 Lee is the only case directly addressing the due process argument advanced by von Neumann. Lee was accused of using his van to bring undeclared persons, merchandise, and marijuana into the country. The van and merchandise were seized, and Lee was assessed a penalty equal to the value of the van. He was informed that the van and merchandise were subject to forfeiture and that he could file a petition for remission or mitigation under section 1618. Lee filed a petition within a few days of seizure and recovered the van after paying $100, the amount of the reduced penalty.[12]
 
 
 26
 The Lee court reversed the penalty assessment because Customs failed to provide Lee with a prompt hearing on his remission petition. The court first balanced the serious nature of the individual property deprivation against the inconvenience to government in providing a prompt determination of the legality of the detention. 538 F.2d at 33. An important factor in the individual's interest is the hardship that even a temporary deprivation of an automobile might cause. See Stypmann, 557 F.2d at 1343; One 1971 Opel G.T., 360 F.Supp. at 641. On the other hand, once a seizure is accomplished, the government's justifications for delaying a hearing are not compelling. Wiren v. Eide, 542 F.2d 757, 761 n.6 (9th Cir. 1976). After balancing the competing interests, the Lee court held:
 
 
 27
 (W)hen vehicles are seized for forfeiture or as security, action on petitions for mitigation or remission should be required within 24 hours, with notice of the charge, and with opportunity to file a written response and to make an oral appearance and that, if requested, some kind of hearing on probable cause for the detention before an officer other than the one making the charge should be provided within 72 hours if the petition is not granted in full.
 
 
 28
 538 F.2d at 33.
 
 
 29
 Although not bound by the Second Circuit's holding in Lee, we find its reasoning persuasive. This court expressly relied on the Lee rationale to invalidate a California towing and possessory lien statute[13] in Stypmann v. City & County of San Francisco, 557 F.2d 1338 (9th Cir. 1977). The statute in Stypmann granted towing companies, who had possession of a car because of a traffic violation, a possessory lien on the vehicle to insure recovery of towing and storage fees. The court held that this statute could not withstand a due process attack because it did not provide for a prompt post-seizure hearing to determine probable cause for the seizure. The Stypmann court stated:
 
 
 30
 A five-day delay in justifying detention of a private vehicle is too long. Days, even hours, of unnecessary delay may impose onerous burdens upon a person deprived of his vehicle. Lee v. Thornton, supra, 538 F.2d at 33, a case involving seizure and detention of automobiles in comparable circumstances, held that due process required action on a petition for rescission (remission?) or mitigation within 24 hours, and, if the petition was not granted in full, a hearing on probable cause within 72 hours.
 
 
 31
 Id. at 1344 (footnote omitted).[14] Lee was also cited for the propositions that a car is an important individual asset, id. at 1342 n.8 & 1344 n.22, and that a court must balance governmental and individual interests to determine due process, id. at 1342.
 
 
 32
 The government contends that Ivers v. United States, 581 F.2d 1362 (9th Cir. 1978), stands for the proposition that the due process requirements of prompt notice and hearing only apply to judicial forfeiture proceedings, not administrative proceedings under 19 U.S.C. § 1618. The issue in Ivers, however, was whether the filing of an administrative petition operated as a waiver of a claimant's right to a prompt forfeiture action. The court held that it did not. Id. at 1370. In dicta, the Ivers court stated:Administrative consideration of a claimant's petition for remission is not governed by any statutory or regulatory requirement of promptitude. Nor does it not afford a claimant the full panoply of due process rights inherent in a judicial proceeding. Remission being a matter of legislative grace, the exercise of the Secretary's discretion is not reviewable by the courts.
 
 
 33
 Id. at 1371. The tone of this statement indicates that the word "not" in the second sentence may be a misprint. It seems that the court was merely emphasizing the informal nature of the administrative process. We agree that an administrative hearing does not require all the protections of a judicial hearing, but we believe a claimant is entitled to prompt disposition of an administrative claim.
 
 
 34
 The balance of the Ivers opinion suggests that due process does require a prompt resolution of administrative claims. The court noted that administrative proceedings are informal and inexpensive, and will often obviate the need for judicial action since remission petitions are frequently granted. Id. at 1370. If time limits are not imposed on the administrative process, the government might be forced to bring a judicial action prior to the completion of the administrative claim. Once a case is referred for judicial action, the administrative proceedings on a petition for remission must cease. 19 C.F.R. § 171.2(a) (1980). Therefore delay in ruling on a claimant's petition could force a more cumbersome and time-consuming judicial forfeiture action. See Ivers, 581 F.2d at 1370, United States v. Eight (8) Rhodesian Stone Statues, 449 F.Supp. 193, 202 (C.D.Cal.1978). The rationale of the Lee case is further supported by cases from this circuit. In United States v. One 1970 Ford Pickup, 564 F.2d 864 (9th Cir. 1977), we stated: "(f)rom the standpoint of the claimant, the stage of the procedures at which excessive delay occurs is irrelevant. His concern, and the concern of the statutory scheme, is the quick and efficient determination of the property rights in the confiscated vehicle." Id. at 866 (referring to various stages of the judicial forfeiture procedure). The United States District Court for the Central District of California, citing Lee, noted that "(a) growing number of decisions enunciate the proposition that both the adjudication of the administrative claim and the filing of a court action when required, must be speedily done." Eight (8) Rhodesian Stone Statues, 449 F.Supp. at 200 (emphasis added). See also Pollgreen v. Morris, 496 F.Supp. 1042, 1051-53 (S.D.Fla.1980) (invalidating seizure of vessels used in Cuban "Freedom Flotilla" for failure to provide prompt post-seizure hearings; relying on Lee and Stypmann); F/V American Eagle v. State, 620 P.2d 657, 666-67 (Alaska 1980) (citing Lee and Stypmann for the proposition that a post-seizure hearing must be prompt even when the government interest is "urgent"). We therefore adopt the Lee rationale and hold that due process requires the Customs Bureau to act promptly in ruling on petitions for remission or mitigation under 19 U.S.C. § 1618. The one month delay in processing von Neumann's petition does not conform to this standard.
 
 C. What Constitutes a Prompt Determination
 
 35
 We have concluded that Customs must act on a remission petition promptly and that the one month delay in processing von Neumann's petition was unreasonable. This court has not yet formulated specific standards, but we are guided by the Stypmann court, which held that a five-day delay in providing a hearing violated due process. Stypmann v. City and County of San Francisco, 557 F.2d 1338, 1344 (9th Cir. 1977). Although Customs regulations provide specific requirements for remission petitions, including a 60 day limitation on filing a petition, the regulations do not place any time constraints on administrative consideration of a petition. 10 C.F.R. § 171.12(b) (1980); See generally 19 C.F.R. §§ 171.11-171.33 (1980).
 
 
 36
 In the absence of any appropriate regulatory provisions, we find that the imposition of guidelines is necessary to ensure the due process rights of administrative claimants. No showing has been made that the time limits set by the Second Circuit in Lee have proved unreasonably burdensome. We hold that in cases involving vehicles of transportation within a district director's authority under 19 C.F.R. § 171.21 (1980),[15] the director must ordinarily[16] act on a petition for remission or mitigation within 24 hours of receipt. The claimant must be allowed the opportunity to make an oral appearance to argue his or her claim. Because the administrative delay in processing von Neumann's petition violated his due process rights, we reverse and remand with instructions to enter judgment for von Neumann in the amount of $3,600 plus costs. See Lee, 538 F.2d at 33.
 
 CONCLUSION
 
 37
 The district court finding that von Neumann violated 19 U.S.C. § 1497 by failing to declare his car is not clearly erroneous, therefore the seizure of his car was proper. The delay in processing von Neumann's petition for remission or mitigation, however, violated his due process right to prompt consideration of his claim. Because we hold that Customs must ordinarily act on a petition for remission within 24 hours of receipt, we reverse and remand with instructions to enter judgment for the plaintiff.
 
 
 38
 AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
 
 
 
 *
 Honorable Edward Dean Price, United States District Judge for the Eastern District of California, sitting by designation
 
 
 [1]
 Harley Perkins was an Inspector for the Immigration and Naturalization Service, but had been serving as a designated Customs Officer since August 16, 1974. See 19 U.S.C. § 1401(i). His designation form indicates that he was to receive training necessary to serve as a Customs Inspector for arriving vehicles, aircraft, and vessels
 
 
 [2]
 19 U.S.C. § 1497 provides:
 Any article not included in the declaration and entry as made, and, before examination of the baggage was begun, not mentioned in writing by such person, if written declaration and entry was required, or orally if written declaration and entry was not required, shall be subject to forfeiture and such person shall be liable to a penalty equal to the value of such article.
 
 
 [3]
 19 U.S.C. § 1618 provides in part:
 Whenever any person interested in any vessel, vehicle, merchandise, or baggage seized under the provisions of this chapter, or who has incurred, or is alleged to have incurred, any fine or penalty thereunder, files with the Secretary of the Treasury under the customs laws or under the navigation laws, before the sale of such vessel, vehicle, merchandise, or baggage a petition for the remission or mitigation of such fine, penalty, or forfeiture, the Secretary of the Treasury, if he finds that such fine, penalty, or forfeiture was incurred without willful negligence or without any intention on the part of the petitioner to defraud the revenue or to violate the law, or finds the existence of such mitigating circumstances as to justify the remission or mitigation of such fine, penalty, or forfeiture, may remit or mitigate the same upon such terms and conditions as he deems reasonable and just, or order discontinuance of any prosecution relating thereto.
 
 
 [4]
 Customs officials have the discretion to release a seized vehicle if the person claiming an interest has a "substantial interest therein." 19 U.S.C. § 1614. In this case Customs required a bond for what it considered the value of the car, as security to cover the penalty assessed. See 19 C.F.R. §§ 162.41(a), 162.43, 162.44(b) (1980)
 
 
 [5]
 By statute, the Secretary of the Treasury acts on petitions for remission or mitigation. 19 U.S.C. § 1618. This authority has been delegated to district directors in cases where the total value of the merchandise forfeited does not exceed $25,000. 19 C.F.R. § 171.21 (1980). The estimated value of von Neumann's car, $24,500, thus fell within the district director's regulatory authority
 
 
 [6]
 Customs filed a counterclaim requesting recovery of the full $24,500 in accordance with 19 U.S.C. § 1497. This claim was apparently based on the argument that since Customs has complete discretion over a petition for remission, von Neumann's challenge reopened the determination and Customs could now assess the full penalty value for the failure to declare. See United States v. One 1972 Mercedes-Benz 250, 545 F.2d 1233, 1236 (9th Cir. 1976). The district court denied Custom's counterclaim, and Customs has not appealed that aspect of the judgment
 
 
 [7]
 Von Neumann claims that Perkins asked whether he had purchased anything in Canada, and he responded negatively because the car was purchased in Switzerland. Perkins testified that his questioning was not limited to purchases in Canada, but included acquisitions anywhere outside the United States. The district court apparently credited Perkins' testimony
 
 
 [8]
 We note also that von Neumann was an experienced importer who had been shipping automobiles between Europe and the United States for over twenty years, and had personally crossed international borders "innumerable times." In spite of this background, von Neumann failed to mention the car after a specific Customs request
 
 
 [9]
 Because we affirm this portion of the district court judgment, von Neumann is not entitled to have his name removed from Customs' computer list of persons who have failed to declare merchandise, as requested in his prayer for injunctive relief
 
 
 [10]
 Because border seizure is an "extraordinary situation" requiring immediate action, the ordinary due process requirements of notice and hearing prior to deprivation of property are not required. Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 678-80, 94 S.Ct. 2080, 2089-2090, 40 L.Ed.2d 452 (1974); Ivers v. United States, 581 F.2d 1362, 1367-68 (9th Cir. 1978). Customs argues that this was the only issue before the district court, and therefore von Neumann is precluded from arguing that a prompt post-seizure hearing is required
 The pre-trial conference order indicates that one of the issues of law to be considered was: "Is the procedure which was instituted against Plaintiff and the Automobile, whereby the Automobile may be forfeited and seized, and then remission and mitigation proceedings begun, an unconstitutional violation of the due process clause of the Fifth Amendment to the United States Constitution." The issue is framed in sufficiently general terms to include both pre- and post-seizure due process requirements. Moreover, the case of Lee v. Thornton, 538 F.2d 27 (2d Cir. 1976), which found post-seizure administrative delay to be a due process violation, was cited and discussed below. We therefore conclude that the propriety of the post-seizure administrative delay is properly before this court.
 
 
 [11]
 A panel of this court recently held that the owner of a vehicle seized for a drug violation under 21 U.S.C. § 881(a) did not have a due process right to a probable cause hearing within 72 hours of seizure. United States v. One 1971 BMW 4-Door Sedan, 652 F.2d 817, at 819-820 (9th Cir. 1981). The panel found that the strong government interest in enforcing narcotics laws outweighed the individual interest at stake. The One 1971 BMW panel was not faced with a challenge to the promptness of remission procedures, since a petition for remission was never filed. See at 821-822
 
 
 [12]
 Lee was a consolidated appeal, and the factual circumstances of appellant Rich's case were similar to Lee's. Although seizure in Lee was pursuant to 19 U.S.C. §§ 1460, 1594, and 1595a, and in the instant case was pursuant to 19 U.S.C. § 1497, Lee was an interpretation of the remission statute at issue here: 19 U.S.C. § 1618. 538 F.2d at 31
 
 
 [13]
 Cal.Veh.Code § 22851
 
 
 [14]
 Stypmann held that five days was too long of a delay, but did not establish what time period would be proper 557 F.2d at 1344-45
 
 
 [15]
 The district director has authority to act in cases involving a total value of merchandise not exceeding $25,000. See note 5 supra. The due process requirements for cases involving greater value than $25,000, which are decided by the Commissioner of Customs, are not before us. See 19 C.F.R. § 171.11(a) (1980). We note that the greater the value of the merchandise, the greater the potential for a burden on individual rights. On the other hand, the administrative machinery may need more time to operate when the district director is not authorized to act
 
 
 [16]
 Unlike the court in Lee, we have set forth times to be followed under ordinary circumstances. We do not preclude the possibility of some reasonable extension being permissible if unusual circumstances, such as holidays or unavailability of needed personnel, require some brief delay. A claimant might also waive delays in the administrative process