**MON CHI HEUNG AU, aka Heidi Heung, and Arlene L. Gillespie, for themselves and all others similarly situated, Appellees,**

v.

**The Honorable Herman T. F. LUM and Wayne Y. Kanagawa, Appellants.**

No. 73-2654.

United States Court of Appeals, Ninth Circuit.

Feb. 5, 1975.

---

4. 5 U.S.C. § 7323, Act of Aug. 15, 1876, ch. 287 § 6, 19 Stat. 169.

5 U.S.C. § 7324 is part of the Hatch Act, Act of Aug. 2, 1939, 53 Stat. 1148, as amended.

Peter J. Levinson, Deputy Atty. Gen., Honolulu, Hawaii, for appellants.

Ian L. Mattoch, Honolulu, Hawaii, for appellees.

Before ELY and CARTER, Circuit Judges, and LANE,* Judge, U.S. Court of Customs & Patent Appeals.

OPINION

PER CURIAM:

 This appeal is from a declaratory judgment, issued by a three-judge court convened pursuant to 28 U.S.C. §§ 2281, 2284, holding unconstitutional the durational residency requirements of the Hawaii divorce statute, Hawaii Rev.Stat. § 580–1. 360 F.Supp. 219 (D.Hawaii 1973). Since the District Court's order neither grants nor denies injunctive relief, our court has jurisdiction of the appeal. 28 U.S.C. § 1253. Mitchell v. Donovan, 398 U.S. 427, 430–32, 90 S.Ct. 1763, 26 L.Ed.2d 378 (1970); Rockefeller v. Catholic Medical Center, 397 U.S. 820, 90 S.Ct. 1517, 25 L.Ed.2d 806 (1970).

 The Hawaii statute requires that a person applying for a divorce be a domiciliary of the state for one year and of a judicial circuit within the state for three months. The District Court held that those requirements violated the equal protection clause of the Fourteenth Amendment to the United States Constitution.

Submission of this appeal having heretofore been deferred, we now order the cause submitted for disposition.

Pursuant to the Supreme Court's very recent opinion in Sosna v. Iowa, —— U.S. ——, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975), the judgment of the District Court must be, and it hereby is,

Reversed.