Richard STYPMANN et al.,
Plaintiffs-Appellees,

v.

The CITY AND COUNTY OF SAN FRANCISCO et al.,
Defendants-Appellants.

No. 74–1844.

United States Court of Appeals,
Ninth Circuit.

July 21, 1977.

---

James Murray, Tiburon, Cal., Burk E. Delvanthal, Deputy City Atty., San Francisco, Cal., argued, for defendants-appellants.

David C. Moon, S. F. Neighborhood Legal Assistance Foundation, San Francisco, Cal., argued, for plaintiffs-appellees.

Before BROWNING, ELY and ANDERSON, Circuit Judges.

BROWNING, Circuit Judge:

Appellees filed this class action under the Civil Rights Act, 42 U.S.C. § 1983, against officials of the City and County of San Francisco, California, a garage owner in San Francisco, a garage owner in Sausalito, California, and the president of the San Francisco Tow Car Association.[1] Appellees challenged the constitutionality of the provisions of the California Vehicle Code authorizing removal of privately owned vehicles from streets and highways without prior notice or opportunity for hearing, and of section 22851 establishing a possessory lien for towage and storage fees without a hearing before or after the lien attaches.[2]

In the course of the litigation, appellees abandoned their attack upon those provisions of the Vehicle Code authorizing the initial seizure and tow without a prior hearing, and confined their objection to the provision of section 22851 creating a possessory lien for towing and storage charges. Their complaint was then dismissed as to the city officials.

Also in the course of the litigation, and apparently in response to it, the City and

---

1. The class certified by the district court consists of all persons whose vehicles are withheld from them pursuant to the lien rights and powers of sale provided in California Vehicle Code § 22851. This certification is not challenged on appeal.

2. California Vehicle Code § 22650 provides that no peace officer shall remove any unattended vehicle from a highway except as provided in the code.

   Other sections of the code permit state and local officers to remove vehicles in particular circumstances. Section 22651 authorizes removal of vehicles that are obstructing traffic, reported stolen, blocking a private entrance, blocking a fire hydrant, or left four hours on a freeway, or where the driver is incapacitated by injury or illness, arrest, or the vehicle has foreign licenses and has been issued five or more notices of parking violations within five or more days, or the vehicle is unlicensed and illegally parked. Section 22652 authorizes removal under local ordinances in a number of situations including that of a vehicle left on a highway for 72 consecutive hours.

   Sections 22850–56 of the code establish procedures for the removal and storage of the vehicles. Section 22850 provides that when an officer removes a vehicle he shall deliver it to a garage or place of storage designated by the governmental agency. To implement these provisions, local authorities contract with private towing companies for the removal and storage of vehicles at the direction of police officers. Section 22851, the section challenged here, provides that whenever a vehicle is removed to a designated garage, the garage keeper "shall have a lien dependent upon possession for his compensation for towage and for caring and keeping safe such vehicle." The section further provides that after 20 days if the vehicle is appraised at $200 or less, or after 60 days if valued at more than $200, the garage keeper may sell a vehicle to satisfy his lien. Section 22851 reads in full as follows:

   "Whenever a vehicle has been removed to a garage under the provisions of this chapter and the keeper of the garage has received the notice or notices as provided herein, the keeper shall have a lien dependent upon possession for his compensation for towage and for caring for and keeping safe such vehicle for a period not exceeding 60 days and, if the vehicle is not recovered by the owner within said 60 days or the owner is unknown, the keeper of the garage may satisfy his lien in the manner and after giving the notices required in Sections 3071 and 3072 of the Civil Code. Notwithstanding the provisions of this section, if the vehicle is appraised at a value not exceeding two hundred dollars ($200) by a person authorized to make such appraisal, the keeper of the garage may, if the vehicle is not recovered by the owner within 20 days or the owner is unknown, satisfy his lien as provided in Section 3073 of the Civil Code or Section 22705 of this code." Cal.Veh.Code § 22851. (West Supp.1977).

County of San Francisco adopted an ordinance providing that a person "unable to pay" towage fees may obtain a hearing on the underlying traffic citation within five days of the time he notifies the Traffic Fines Bureau that he intends to challenge the citation and that he is financially unable to redeem his vehicle from storage. If the owner is found not guilty and the traffic citation dismissed, the vehicle is to be returned, and towing and storage charges are to be paid by the city. San Francisco Traffic Code § 160.01.

The district court granted summary judgment for appellees, striking down both section 22851 and the San Francisco ordinance, because they deprived vehicle owners of the use of their vehicles without prior notice or hearing and did not involve one of those "extraordinary situations" justifying deprivation of a property interest without prior notice and hearing. The court relied upon *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); *Boddie v. Connecticut*, 401 U.S. 371, 379, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), and *Fuentes v. Shevin*, 407 U.S. 67, 90–92, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).[3] This appeal followed.

■ There is no merit in appellants' suggestion that a three-judge district court was required to hear this case. *See* 28 U.S.C. § 2281.[4] Generally, a three-judge

court need not be convened to determine whether a declaratory judgment should issue.[5] In this case injunctive relief was also sought and granted, but the three-judge requirement applies only when an injunction "restrain[s] the action of any officer of such State," *Hall v. Garson*, 430 F.2d 430, 433, 442 (5th Cir. 1970); *see Hernandez v. European Auto Collision, Inc.*, 487 F.2d 378, 382 (2d Cir. 1973),[6] and the injunction granted by the district court runs only against private towing companies.

■ Nor is there substance in appellants' argument that the state action required for jurisdiction under 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983 is lacking. A police officer makes the initial determination that a car will be towed and summons the towing company. The towing company tows the vehicle only at the direction of the officer. The officer designates the garage to which the vehicle will be towed. The officer notifies the owner that his vehicle has been removed, the grounds for the action, and the place of storage. The towing company detains the vehicle and asserts the lien for towing and storage charges pursuant to a statutory scheme designed solely to accomplish the state's purpose of enforcing its traffic laws. Thus, the private towing company is a "willful participant in a joint activity with the State or its agents," *United States v. Price*, 383 U.S. 787, 794, 86

---

**3.** The same analysis was applied and the same result reached in *Remm v. Landrieu*, 418 F.Supp. 542, 545–46 (E.D.La.1976); *Seals v. Nicholl*, 378 F.Supp. 172, 177–78 (N.D.Ill.1973), and *Graff v. Nicholl*, 370 F.Supp. 974, 985 (N.D. Ill.1974) (three-judge court).

**4.** Section 7 of Pub.L. 94–381, 90 Stat. 1119 (August 12, 1976), specifies that the repeal of § 2281 does not apply to actions, such as the present case, commenced on or before August 12, 1976.

**5.** *Hubel v. West Virginia Racing Comm'n*, 513 F.2d 240, 242 n.5 (4th Cir. 1975); *Age of Majority Educ. Corp. v. Preller*, 512 F.2d 1241, 1245 (4th Cir. 1975) (in banc); *Finnerty v. Cowen*, 508 F.2d 979, 985–86 (2d Cir. 1974); *see Mitchell v. Donovan*, 398 U.S. 427, 431, 90 S.Ct. 1763, 26 L.Ed.2d 378 (1970); *Wiren v. Eide*, 542 F.2d 757, 760 n.3 (9th Cir. 1976); *Mon Chi Heung Au v. Lum*, 512 F.2d 430, 431 (9th Cir. 1975).

**6.** Moreover, if the only question presented were the constitutionality of the San Francisco ordinance, as appellants insist, § 2281 would be inapplicable for that reason alone. The statute applies "only [to] enactments of statewide application." *Gonzalez v. Automatic Employees Credit Union*, 419 U.S. 90, 97 n.14, 95 S.Ct. 289, 294, 42 L.Ed.2d 249 (1974). Accordingly, a three-judge court is not required to consider a challenge to a local ordinance. *Board of Regents v. New Left Educ. Project*, 404 U.S. 541, 542, 92 S.Ct. 652, 30 L.Ed.2d 697 (1972); *Moody v. Flowers*, 387 U.S. 97, 101, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967); *Clutchette v. Procunier*, 497 F.2d 809, 812 (9th Cir. 1974), *modified on other grounds*, 510 F.2d 613 (9th Cir. 1975), *reversed on other grounds sub nom.*, *Baxter v. Palmigiano*, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976).

S.Ct. 1152, 1157, 16 L.Ed.2d 267 (1966); *see Culbertson v. Leland*, 528 F.2d 426 (9th Cir. 1975); and there is a "sufficiently close nexus between the State and the challenged action of the [towing company] so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974).[7]

We turn to the merits of the constitutional claim.

■ Appellants concede that due process protections apply to the detention of private automobiles. Loss of the use and enjoyment of a car deprives the owner of a property interest that may be taken from him only in accordance with the Due Process Clause.[8] Due process strictures must be met though the deprivation be temporary.[9]

■ The parties disagree only as to the particular process that is due. We agree with the district court that the procedural protections afforded by the California statute and San Francisco ordinance are not constitutionally sufficient; but we reach this conclusion by a somewhat different route than that taken by the district court.

In our view this case does not present the issue of whether a hearing is required *before* the seizure occurs. The seizure depriving the car owner of use of his property occurs when the vehicle is taken under tow on the street. Appellees have elected not to contest the right of the state to seize vehicles summarily and tow them to a garage.[10] For purposes of this case, therefore, the towkeeper is in lawful possession.[11] The occasion for possible application of the "extraordinary situations" test has passed. Whether the *post*-seizure hearings available under the California statute and San Francisco ordinance satisfy due process requirements is to be determined by examining the process afforded in light of the interests of the private property owner and the government. *Lee v. Thornton*, 538 F.2d 27, 31 (2d Cir. 1976).[12]

The private interest in the uninterrupted use of an automobile is substantial. A per-

---

7. The same conclusion is reached on essentially the same facts in *Tedeschi v. Blackwood*, 410 F.Supp. 34, 41 (D.Conn.1976) (three-judge court).

8. *Lee v. Thornton*, 538 F.2d 27 (2d Cir. 1976); *Guzman v. Western State Bank*, 516 F.2d 125, 132 n.8 (8th Cir. 1975); *cf. Wooley v. Maynard*, 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 752 (1977); *Bell v. Burson*, 402 U.S. 535, 539, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971).

9. *North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601, 606, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975); *Fuentes v. Shevin*, 407 U.S. 67, 84–86, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *United States v. Vertol H21C Reg. No. N8540*, 545 F.2d 648, 650 (9th Cir. 1976).

10. The "extraordinary situation" standard justifying immediate removal without prior notice and hearing is clearly satisfied in some circumstances (a vehicle blocking a busy street during commuting hours, for example). *See Remm v. Landrieu*, 418 F.Supp. 542, 545 (E.D.La.1976); *Tedeschi v. Blackwood* 410 F.Supp. 34, 43, 44 (D.Conn.1976) (three-judge court). In other circumstances the need for summary action is not so clear. *See id.* at 44; *Graff v. Nicholl*, 370 F.Supp. 974, 982 (N.D.Ill.1974).

11. *Cf. Hernandez v. European Auto Collision, Inc.*, 487 F.2d 378, 386–87 (2d Cir. 1973) (Timbers and Lumbard, JJ., concurring).

12. *See Dixon v. Love*, —— U.S. ——, ——, 97 S.Ct. 1723, 52 L.Ed.2d 172 (1977); *Commissioner of Internal Revenue v. Shapiro*, 424 U.S. 614, 630 n.12, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976); *Mathews v. Eldridge*, 424 U.S. 319, 334–35, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Arnett v. Kennedy*, 416 U.S. 134, 167–68, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974) (Powell, J., concurring); *Cafeteria & Restaurant Workers Union v. McElroy*, 367 U.S. 886, 895, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961).

As the Supreme Court said in *Mathews v. Eldridge, supra*, 424 U.S. at 335, 96 S.Ct. at 903:

"identification of the specific dictates of due process generally requires consideration of three distinct factors: first, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

son's ability to make a living and his access to both the necessities and amenities of life may depend upon the availability of an automobile when needed.[13]

The public interest in removing vehicles from streets and highways in the circumstances specified in the traffic code is also substantial, though differing in the various situations in which removal is authorized. Moreover, the government has a considerable interest in imposing the cost of removal upon the vehicle owner and retaining possession of the vehicle as security for payment. But neither of these interests is at stake here. The only government interest at stake is that of avoiding the inconvenience and expense of a reasonably prompt hearing to establish probable cause for continued detention of the vehicle.[14] The fact that San Francisco has undertaken to provide a hearing in some circumstances suggests that it is neither unduly burdensome nor unduly costly to do so.[15]

Despite the greater relative weight of the private interests involved, the statute affords virtually no protection to the vehicle owner.

The vehicle may be recovered only by paying the towing and storage fees; there is no provision for obtaining its release by posting bond.[16] There is no provision that would mitigate the loss if the detention is unlawful or fraudulent.[17] The statute establishes no procedure to assure reliability of the determination that the seizure and detention are justified.[18] A police officer must authorize the tow, but he also "gathers the facts upon which the charge of ineligibility rests," and his judgment cannot be wholly neutral. *Goldberg v. Kelly*, 397 U.S. 254, 269, 90 S.Ct. 1011, 1021, 25 L.Ed.2d 287 (1970). Moreover, no official participates in any way in assessing the storage charges or enforcing the lien. No hearing is afforded and no judicial intervention is provided by section 22851 at any stage before or after seizure unless and until the vehicle is sold to satisfy the lien. The only hearing available under any other state procedure may be long deferred, and the burden of proof is placed upon the owner of the property seized rather than upon those who have seized it.[19]

"The fundamental requirement of due process is the opportunity to be heard

13. *See* cases cited note 8.

14. The California statutes afford a right to hearing before a vehicle is sold to satisfy a lien. *See* Cal.Civ.Code §§ 3071, 3073 (West Supp. 1977).

15. The cost of affording procedural protection is a relevant factor but is not controlling. *Mathews v. Eldridge*, 424 U.S. 319, 347–48, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

16. *North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601, 611–12, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975) (Powell, J., concurring.)

17. *Mitchell v. W. T. Grant Co.*, 416 U.S. 600, 606, 617–19, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974).

18. The validity of the detention depends upon the legality of the tow, a question "inherently subject to factual determination and adversarial input." *Mitchell v. W. T. Grant Co.*, 416 U.S. 600, 617, 618, 94 S.Ct. 1895, 1905, 40 L.Ed.2d 406 (1974); *see Goldberg v. Kelly*, 397 U.S. 254, 269, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

Each named appellee claims his vehicle was illegally towed. The vehicles of two of the named appellees were towed because they were allegedly parked on a San Francisco street for more than 72 hours (*see* Cal.Veh. Code § 22652). The vehicle of another named appellee was towed for an allegedly non-towable offense: "22502—Hazard." The vehicle of the fourth appellee (intervenor MacKenzie) was towed from its parking place on a street in Sausalito because MacKenzie had been arrested and taken into custody for earlier traffic violations (*see* Cal.Veh.Code § 22651(h)). Each of the four vehicles was towed to a garage and held pursuant to § 22850 without prior or subsequent hearing. The vehicles were later restored to their owners on stipulation that the return would not affect this litigation and that the vehicles would be returned to custody if appellants prevailed.

19. Appellants state that California provides the owner with "a civil remedy sounding in negligence for negligent, erroneous interference with his property" in the event "the court in the traffic citation hearing finds the tow erroneous." Apparently appellants refer to either (1) a regular court action for recovery of the vehicle (*cf. C.I.T. Corp. v. Biltmore Garage*, 3 Cal.App.2d 757, 36 P.2d 247 (1934)), or damages for conversion (*cf. Brown v. J. E. French*

'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge, supra,* 424 U.S. at 333, 96 S.Ct. at 902, quoting *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965). Seizure of property without prior hearing has been sustained only where the owner is afforded prompt post-seizure hearing at which the person seizing the property must at least make a showing of probable cause.[20] Neither this nor any other procedural protection is afforded here that might prevent or ameliorate a temporary but substantial deprivation of the use and enjoyment of a towed private vehicle.

An early hearing, on the other hand, would provide vehicle owners the opportunity to test the factual basis of the tow and thus protect them against erroneous deprivation of the use of their vehicles. The only state interest adversely affected by requiring an early hearing—avoidance of the administrative burden and expense—is not enough in these circumstances to warrant denying such a hearing. We conclude, therefore, that section 22851 does not comply with due process requirements.

Nor is the statute saved by the San Francisco ordinance.[21] A five-day delay in justifying detention of a private vehicle is too long. Days, even hours, of unnecessary delay may impose onerous burdens upon a person deprived of his vehicle. *Lee v. Thornton, supra,* 538 F.2d at 33, a case involving seizure and detention of automobiles in comparable circumstances,[22] held that due process required action on a petition for rescission or mitigation within 24 hours, and, if the petition was not granted in full, a hearing on probable cause within 72 hours.

Although a five-day delay is clearly excessive, the record in this case does not contain the information necessary for a more precise determination of the exact schedule that would best balance the private and public interests involved. That task should be left in the first instance to

---

Co., 253 Cal.App.2d Supp. 1079, 60 Cal.Rptr. 646 (1967)), or recovery of the fees if the owner already paid them, or (2) a small claims court action if the amount involved is less than $750 and the owner so elects (*see Adams v. Dep't of Motor Vehicles,* 11 Cal.3d 146, 156, 113 Cal. Rptr. 145, 520 P.2d 961 (1974); Cal.Code Civ. Pro. § 116.2 (West Supp.1977)). A regular court action would entail considerable delay. Even a small claims court action is generally heard no earlier than 10 nor later than 40 days from the filing of the claim. Cal.Code Civ.Pro. § 116.4 (West Supp.1977). If the small claims hearing must await the traffic citation hearing, as appellants suggest, even greater delay may ensue. In addition, the greater speed of the small claims court action is available only at a cost, *e. g.,* the owner cannot be represented by an attorney. Cal.Code Civ.Pro. § 117.4 (West Supp.1977).

**20.** *See Dixon v. Love,* —— U.S. ——, ——, 97 S.Ct. 1723, 52 L.Ed.2d 172 (1977); *id.* at —— —— ——, 97 S.Ct. 1723 (Stevens, J., concurring); *Commissioner of Internal Revenue v. Shapiro,* 424 U.S. 614, 629, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976); *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Laing v. United States,* 423 U.S. 161, 187, 96 S.Ct. 473, 46 L.Ed.2d 416 (1976) (Brennan, J., concurring); *North Georgia Finishing, Inc. v. Di-Chem, Inc.,* 419 U.S. 601, 606–08, 611–13, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975) (Powell, J.,

concurring); *Calero-Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 665 n.2, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974); *Arnett v. Kennedy,* 416 U.S. 134, 170, 178, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974) (White and Powell, JJ., concurring). *See also Carey v. Sugar,* 425 U.S. 73, 77–78, 96 S.Ct. 1208, 47 L.Ed.2d 587 (1976); *Boehning v. Indiana State Employees Ass'n,* 423 U.S. 6, 96 S.Ct. 168, 46 L.Ed.2d 148 (1975).

**21.** The ordinance applies only in the City and County of San Francisco. The vehicle of one of the named plaintiffs was seized in Sausalito, California (see note 18); a Sausalito garage owner is a defendant. The class certified by the district court includes vehicle owners throughout California.

The ordinance applies only to those "unable to pay" the towing fee; it provides no remedy for those able to pay.

**22.** In *Lee v. Thornton,* 538 F.2d 27, 33 (2d Cir. 1976), the vehicles were seized "at border points remote from a traveler's destination." However, San Francisco emphasizes its status as a tourist center and suggests that a material portion of the vehicles towed by the city belong to nonresidents, making collection of towing fees difficult unless the vehicle can be retained. Moreover, the greater availability of facilities should make it less difficult to provide an early hearing within the city than at a border point.

the state. *Fuentes v. Shevin, supra,* 407 U.S. at 96–97, 92 S.Ct. 1983.

Although we agree with the district court that the statute and ordinance violate the Due Process Clause, the different ground upon which we reach that conclusion requires modification of the judgment. Accordingly, the judgment is vacated and the cause remanded for further proceedings consistent with this opinion.