Joseph ADDANTE, Plaintiff,

v.

VILLAGE OF ELMWOOD PARK, et al., Defendants.

No. 81 C 6810.

United States District Court,
N. D. Illinois, E. D.

June 11, 1982.

Daniel Galatzer, Daniel Galatzer, Ltd., Chicago, Ill., for plaintiff.

Robert E. Adamowski, William G. Hutul, Adamowski, Newey & Adamowski, Sneider & Troy, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Joseph Addante ("Addante")[1] sues the Village of Elmwood Park ("Elmwood Park"), Salvatore Lena ("Lena") and Village Auto Body and Towing, Inc. ("Auto Body") under 42 U.S.C. § 1983 ("Section 1983") for allegedly violating Addante's due process rights by (1) deciding his car was abandoned and then towing it without any prior hearing and (2) retaining his car pending payment of towing and storage

---

1. Addante has asserted, but not yet sought, certification of a class action.

charges.[2] All defendants have moved to dismiss. For the reasons stated in this memorandum opinion and order their motions are denied.

### Lena and Auto Body

Elmwood Park Ordinance § 32–69 (the "Ordinance" or "Section 32–69") (1) allows the police to authorize the towing of any "abandoned vehicle" and (2) makes the owner of the towed vehicle liable for towing and storage charges. No hearing is provided to determine if the vehicle was actually "abandoned." Addante's car was towed, impounded and eventually destroyed under the Ordinance. Auto Body committed the acts, and Lena is alleged to be its sole shareholder and supervisor of operations.

■ Lena and Auto Body first say they committed no unlawful act because they acted in full reliance on a statute.[3] That argument is wholly without merit. Deprivation of due process may be effected by compliance—as well as by non-compliance—with a state statute. Statutes as well as people must live up to the Due Process Clause.

■ Essentially the Lena-Auto Body contention is that they acted in good faith. But such claimed good faith (even assuming that defense is available to parties other than public officials) is irrelevant. Addante seeks only injunctive relief, and good faith is a defense only to Section 1983 *damage* actions in any event. *Rodriguez v. Board of Education of Eastchester Union Free School District*, 620 F.2d 362, 366 (2d Cir. 1980); *Stanford Daily v. Zurcher*, 550 F.2d 464, 465 (9th Cir. 1977), *rev'd on other grounds*, 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978); *see, Wood v. Strickland*,

420 U.S. 308, 315 n.6, 95 S.Ct. 992, 997 n.6, (1975); *Paxman v. Campbell*, 612 F.2d 848, 873 n.22 (4th Cir. 1980).[4]

■ Finally Lena and Auto Body assert if due process has been denied it is Elmwood Park's duty and not theirs to provide a hearing. They argue they are simply neutral parties that tow cars the *village* deems abandoned, and they have no interest in how the village makes the determination. *Mays v. Scranton City Police Department*, 503 F.Supp. 1255, 1263–64 (M.D.Pa.1980) directly supports that proposition, but towers have been found liable in other similar actions. *Stypmann v. City and County of San Francisco*, 557 F.2d 1338 (9th Cir. 1977); *Tedeschi v. Blackwood*, 410 F.Supp. 34 (D.Conn.1976); *see, Watters v. Parrish*, 402 F.Supp. 696, 700–01 (W.D.Va.1975) (requiring conspiracy between tower and public officials to remove vehicles without giving owner opportunity to challenge the taking).

This Court cannot accept the *Mays* reasoning. No one forces the tower to accept the economic benefits the Ordinance makes available to it. It could simply refuse to tow a vehicle if due process has not been accorded the owner. If it does not, there is no unfairness in requiring it to bear the burdens together with the benefits of the Ordinance.

Due process liability must be viewed in causation terms. *See, Monell v. Department of Social Services*, 436 U.S. 658, 692, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). If this Court finds a violation of due process the question is not who is best equipped to remedy the violation but rather who caused the violation. From that perspective Lena and Auto Body cannot be dismissed from this action. They cannot play the ostrich and contend they were not interested in

---

**2.** At a recent status conference this Court asked the parties to address the then newly-issued opinion in *Sutton v. City of Milwaukee*, 672 F.2d 644 (7th Cir. 1982). After review it is clear the issue raised here—whether a hearing is required in connection with towing an abandoned car—was not presented to our Court of Appeals in Sutton. Indeed Sutton (at 649) specifically eschewed any decision in that area.

**3.** They refer to Ill.Rev.Stat. ch. 95½, §§ 4–201 ff., though Addante refers to the Ordinance. That disparity need not be addressed now, but it will require attention in the future.

**4.** There are exceptions to that rule not applicable here, e.g., *Star Distributors, Ltd. v. Marino*, 613 F.2d 4 (2d Cir. 1980) (legislators immune from both damage and injunctive actions).

whether Addante was provided a hearing. Their act of towing was an integral part of—and a causal factor in—the alleged due process violation.[5]

### Elmwood Park

■ On September 1, 1981 Addante's car was ticketed for violating Section 32–69.[6] In October 1981 the car was towed and later destroyed. In February 1982 (after this action had been brought) Addante pleaded guilty and paid the fine required by the ticket.

Elmwood Park urges Addante's guilty plea collaterally estops him from raising the issue whether his car was abandoned. If so, the argument goes, he can no longer challenge Elmwood Park's failure to provide a hearing.

Whether the traffic court proceeding can trigger full operation of res judicata or collateral estoppel poses several questions of varying difficulty. None has been adequately addressed by the parties.

First, it is not entirely clear that the litigants in the two actions are identical. Conceptually the plaintiff in a traffic ticket case, as in the most serious criminal offense, is the "People of the State of Illinois." Elmwood Park, though the source of the Ordinance, is not a named party. It may be that the fine inures to Elmwood Park's benefit, thus making it a real party in interest entitled to invoke res judicata and collateral estoppel doctrines. However, no one has discussed the problem at all.

Second, the traffic court proceeding could implicate res judicata (rather than collateral estoppel) only if it involved the same cause of action as this case. Once more the question does not admit of an easy answer. Both cases necessarily dealt with the question whether Addante's car was "abandoned" as defined by the Ordinance. Here however Addante's principal challenge is to the absence of a *pre*-towing hearing. That issue could have been raised (if at all) in the *post*-towing "hearing" (the traffic court case) only as part of an attack on the Ordinance's constitutionality. Whether that attack could have been launched in that forum,[7] and whether (even if so) that prospect would make the two causes of action obverse sides of the same coin, are previously-undefined and surely unanswered issues.

Third, some cases have refused to give collateral estoppel effect to an earlier proceeding with so small a financial stake. *See, e.g., Lewis v. International Business Machine Corp.*, 393 F.Supp. 305, 308–09 (D.Or.1974). But that approach, essentially equitable in nature, may well have been foreclosed by *Federated Department Store, Inc. v. Moitie*, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). Again however the parties have not focused on the problem.

Despite the arcane mysteries involved in the above discussion, this Court will assume Addante is no longer free to dispute whether his car was "abandoned." Except for the point raised in the preceding paragraph, that result is compelled by the availability to Elmwood Park of "defensive" collateral estoppel, *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971).[8]

---

5. Even though their argument is not framed in these terms, Lena and Auto Body may be viewed as claiming they are not persons acting "under color" of state law, as required for Section 1983 liability. At least for pleading purposes, the Complaint asserts the kind of intertwined responsibility and activity that make private parties "state actors" under the principles of *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961). Accord, *Stypmann*, 557 F.2d at 1341–42 (on all fours with this case).

6. Addante was also given a ticket for parking in a prohibited zone. That ticket has no bearing on Elmwood Park's argument and this action.

7. In logical terms the towing procedures seem irrelevant to a proposed fine for unlawful abandonment of a vehicle.

8. Defensive collateral estoppel does not require identity of parties, so the first problem identified in the text is a non-issue. It involves issue preclusion rather than action preclusion, so the second problem drops out as well.

But the present case involves not so much the question of abandonment as whether Addante's car was wrongfully taken. After all, the traffic court "hearing" was not held until February 1982, some four months *after* the car was towed. Even if his car were "abandoned," Addante was deprived of its use for those four months, allegedly without due process of law.

*Endicott v. Huddleston*, 644 F.2d 1208 (7th Cir. 1980) dealt with a closely analogous problem. There a county board refused to rehire a supervisor at the end of his term. Even though the court found the supervisor had no due process interest in retaining his job, it held he did have a due process right to a hearing so he might clear his name. After plaintiff filed suit (but before any decision on the merits) the county board provided an appropriate hearing. Our Court of Appeals held, *id.* at 1216:

> Although plaintiff received his deserved opportunity to clear his name in 1977, he is entitled to recover damages for any loss suffered as a result of the first inadequate hearing.

Addante seeks only an injunction, not damages like the plaintiff in *Endicott*. Nevertheless *Endicott's* recognition of the plaintiff's cause of action, despite the later hearing, supports a like recognition here. At least at this stage of the proceedings the complaint remains viable.

### Conclusion

Defendants' motions to dismiss are denied, and they are ordered to answer the Complaint on or before June 18, 1982. This action is set for status report at 9:15 a. m. August 2, 1982.