**William A. GOICHMAN, on behalf of himself and a class of all persons similarly situated, Plaintiff,**

v.

**CITY OF ASPEN, a municipal corporation, Defendant.**

Civ. A. No. 82–Z–1864.

United States District Court,
D. Colorado.

Aug. 20, 1984.

John R. Frye, Jr., Richard B. Rose, Frye & Sawaya, P.C., Denver, Colo., for plaintiff.

Paul J. Taddune, City Atty., Aspen, Colo., for defendant.

## ORDER GRANTING SUMMARY JUDGMENT

WEINSHIENK, District Judge.

Plaintiff William A. Goichman, a resident of Los Angeles, California, filed this lawsuit as a class action against defendant City of Aspen, Colorado. Plaintiff sues under 42 U.S.C. § 1983 for violations of his constitutional right to due process of law, arising from defendant's alleged failure to afford a hearing following the towing and impoundment of his vehicle. Plaintiff requests declaratory and injunctive relief as well as restitution and punitive damages. Jurisdiction exists pursuant to 28 U.S.C. § 1331.

This matter is now before the Court on defendant's Motion for Judgment on the Pleadings Pursuant to Rule 12(c) and/or to Dismiss Pursuant to Rule 12(b), and on plaintiff's Motion for Class Certification. The parties were notified by Minute Order that the defendant's Motion would be treated as one for summary judgment. *See Ohio v. Peterson, et al.*, 585 F.2d 454 (10th Cir.1978) *cert. denied* 454 U.S. 895, 102 S.Ct. 392, 70 L.Ed.2d 209 (1981). The Court has considered the motions, the parties' briefs, the exhibits and the case file in this matter, and is now fully advised and prepared to rule.

The primary issue is whether plaintiff's claims for declaratory and injunctive relief have been mooted by new ordinances enacted by defendant. The Court must also determine whether plaintiff is entitled to punitive damages, restitution or nominal damages, and whether this case is appropriate for class certification.

According to the pleadings and affidavits, plaintiff was in Aspen as a tourist on December 27, 1981, when he parked a leased vehicle on a public street. The next day, he discovered that his vehicle had been towed from its parking space by employees of defendant. Defendant states that the vehicle was towed and impounded because it was parked in violation of § 22–26–4 of the Aspen Municipal Code, which prohibits parking between the hours of 3:00 a.m. and 7:00 a.m. at the location in question.

Plaintiff asserts that, when he appeared in the offices of the Aspen Police Department on December 28, he was informed that he would be required to pay a $20.00 parking fine and a $40.00 towing fee before the vehicle would be released. Further, Plaintiff states that he was told by an unidentified employee that no judicial hearing would be provided to determine whether the towing and impoundment was appropriate and legal. He then paid the $60.00 fee. Defendant asserts that plaintiff could have received an administrative hearing, but did not request one, and that plaintiff voluntarily paid the penalty and towing charge, thereby waiving the opportunity for a hearing.

Mr. Goichman alleges that defendant held his vehicle wrongfully in order to force him to pay the charge demanded. The provisions of the Aspen Municipal Code that provide for towing and impoundment of illegally parked vehicles are challenged as violations of the Fourteenth Amendment. The major defect alleged is that the Code does not afford owners of towed vehicles with an opportunity for a judicial hearing to determine the legality of the towing. Plaintiff seeks declaratory

and injunctive relief on behalf of himself and all persons who have had motor vehicles towed by the defendant since November, 1980. He demands restitution of all moneys paid to Aspen by him and members of his class, and requests punitive damages, attorney's fees and costs.

After the Complaint was served, defendant tendered plaintiff a check for $60.00 and a copy of its Answer. With its Answer, defendant filed a copy of its Ordinance No. 73 (Series of 1982), enacted after service of the Complaint, which repealed and reenacted two sections of the Aspen Municipal Code. According to the ordinance's preamble, the City Council took this step "for the purpose of reaffirming and codifying the City's procedure for providing notices of impoundment and hearings regarding removal and towing and storage fees of impounded vehicles." Ordinance No. 73 (Series of 1982). The amended Code sections provide expressly for a hearing, in order to determine whether there was probable cause to impound a vehicle, within 48 hours of a written request.

■ The threshold question in this case is whether the defendants' revised Municipal Code has mooted the plaintiff's claim for declaratory and injunctive relief. After careful consideration, this Court has determined that the new ordinance provisions meet all of the requirements of due process. It is apparent that Ordinance No. 73 was carefully drafted to insure that the rights of owners of towed and impounded vehicles would be fully protected.

■ The courts of appeal which have addressed this issue have applied the general due process test of *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976). Under *Mathews*, the Court must consider the private property interest at stake, the risk of an erroneous deprivation and the value of any additional procedural safeguards, as well as the government's interests.

■ Due process does not require a city to provide notice or a hearing before an illegally parked car may be towed. *Sutton v. City of Milwaukee*, 672 F.2d 644, 646 (7th Cir.1982). The facts of this case, in which plaintiff's vehicle was parked on a public street during a holiday week in a mountain resort town, illustrate precisely the situation in which the public interest in removing an illegally parked vehicle weighs more heavily than the interests of the vehicle owner. After a car is towed, however, the relative weight of public and private interests shifts, and there must be adequate procedures available to protect vehicle owners from erroneous deprivations of the use of their property. *See Stypmann v. City of San Francisco*, 557 F.2d 1338, 1342–44 (9th Cir.1977); *see also Goichman v. Rheuban Motors, Inc.*, 682 F.2d 1320, 1325 (9th Cir.1982).

The revised Aspen Municipal Code provides that notice of impoundment shall be mailed to the owner of a vehicle within 48 hours. The owner has ten days from the impoundment to file a written demand for a hearing, at which the sole issue considered is whether there was probable cause to impound the vehicle. The hearing must be held within 48 hours of the written demand, excluding weekends and holidays. The City bears the burden of proof at the hearing and, if there is a finding of no probable cause, the vehicle must be released and any towing or storage fees must be reimbursed.

■ At least one court has ruled, on very similar facts, that the passage of such a new city ordinance moots all claims for declaratory and injunctive relief. *See Hann v. Carson*, 462 F.Supp. 854, 863 (M.D.Fla.1978). A defendant's voluntary cessation of a challenged practice does not deprive the Court of jurisdiction to determine the legality of the practice. *City of Mesquite v. Aladdin's Castle*, 455 U.S. 283, 289, 102 S.Ct. 1070, 1074, 71 L.Ed.2d 152 (1982). Such a cessation is, however, "an important factor bearing on the question whether a court should exercise its power to enjoin the defendant from renewing the practice." *Id. See also United States v.*

*W.T. Grant Co.*, 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953).

■ Defendant in this case amended its city ordinances immediately after the alleged defect was brought to its attention. There is no indication that the defendant will not follow these new requirements; indeed defendant asserts that this has always been its practice. Whatever illegal conduct may have existed in the past, such conduct is not likely to recur. On these facts there is no need for the Court to exercise its authority. Plaintiff's request for declaratory and injunctive relief will, therefore, be denied. and those portions of the Complaint dismissed.

Remaining in plaintiff's Complaint are claims for punitive damages and restitution, and a request for class certification. Plaintiff has confessed that defendant, as a municipality, is immune from punitive damages under 42 U.S.C. § 1983. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). Although plaintiff's demand for restitution[1] has been mooted by the defendant's tender, plaintiff takes the position that this Court must consider the constitutionality of the defendant's prior towing procedures in order to determine whether he is entitled to $1.00 nominal damages under *Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). However, no prayer appears in the Complaint for such nominal damages. In addition, the $60 tendered by defendant greatly exceeds the $1.00 to which plaintiff would be entitled under *Carey v. Piphus.*[2]

■ Plaintiff suggests, also, that this Court must determine whether class certification is appropriate, notwithstanding the mootness of his personal claim for damages, to resolve whether restitution is due to the other members of the class plaintiff

seeks to represent. *See Roper v. Deposit Guaranty National Bank*, 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980).

In light of this Court's ruling on declaratory and injunctive relief, the proposed class action suit would address whether any damages are due to the class members for violations of their procedural due process rights. This involves the third type of class action. under Fed.R.Civ.P. 23(b), and requires the Court to find "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3). The Rule further enumerates four matters pertinent to this finding, which are: the interest of class members in controlling individually the prosecution or defense of separate actions, the extent and nature of any litigation already commenced by or against class members, the desirability or undesirability of concentrating litigation in this forum, and the difficulties likely to be encountered in management of a class action.

After careful consideration of the pleadings, the motions, briefs, affidavits and exhibits of the parties, the Court has determined that common questions of law or fact do not predominate over the questions that affect only individual class members. Both as to issues of liability and damages, the claims of proposed class members would vary widely. Defendant's liability depends upon the procedures actually afforded each of the estimated 2,600 members of the proposed class. Plaintiff and defendant dispute the defendant's procedures under the prior municipal ordinances. Although plaintiff's Complaint includes the allegation that he was informed by an un-

---

**1.** Nowhere in his Complaint or affidavit does plaintiff assert that his vehicle was not illegally parked. Defendant's verified Answer supports the conclusion that the vehicle was illegally parked and that the towing and fine were justified. If this is true, plaintiff is not entitled to restitution or other compensatory damages for deprivation of his property. *See Carey v. Pi-*

*phus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978).

**2.** Query whether it is reasonable to require a full-blown trial in a case such as this, if damages cannot exceed $1.00. De minimus non curat lex.

identified city employee that no judicial hearing was available, this may not have been the case with each member of the proposed plaintiff class.

Assuming that each plaintiff could establish that defendant's procedures violated his due process rights, the damages to which each class member would be entitled would also differ. In order to assess damages, the Court would be required to determine whether the towing of each class member's vehicle was justified. If a towing was not justified, a plaintiff could claim compensatory damages under § 1983 for the deprivation of his property. Such actual damages would depend on the facts and circumstances of each case. If, on the other hand, the towing of a class member's vehicle was justified, but not in accord with due process, a plaintiff would be entitled only to nominal damages.[3] *Carey v. Piphus, supra* 435 U.S. at 267, 98 S.Ct. at 1054. Management of such a class suit, in which each member of the proposed class has varying claims and interests, would pose many difficulties.[4]

This lawsuit is not appropriate for class certification under Fed.R.Civ.P. 23(b)(3), and plaintiff's Motion for Class Certification will be denied. Because all of the plaintiff's individual claims are moot, summary judgment of dismissal must enter. Accordingly, it is

ORDERED that plaintiff's Motion for Class Certification is denied. It is

FURTHER ORDERED that defendant's Motion for Judgment on the Pleadings Pursuant to Rule 12(c) and/or to Dismiss Pursuant to Rule 12(b), treated as a Motion for Summary Judgment, is granted. It is

FURTHER ORDERED that judgment is hereby entered in favor of defendant City of Aspen and against plaintiff William A.

Goichman for dismissal with prejudice, each party to pay his or its own costs.

---

3. Such plaintiff class members would also be entitled to prove any actual damages resulting not from the deprivation of property but from the denial of a hearing on the justification for the tow.

4. Query also whether this plaintiff would be a fair and adequate class representative under Fed.R.Civ.P. 23(a)(4). Defendant's briefs indicate that plaintiff has brought many similar

lawsuits, at least two of which have reached the Ninth Circuit Court of Appeals, and that several have been settled by defendants "at great expense." As defendant notes: "Unquestionably, the attorney-plaintiff has difficulty complying with simple parking requirements." City's Brief in Support of the Constitutionality of its Towing and Impoundment Ordinances at note 2.