Christopher PROPERT, Plaintiff,

v.

The DISTRICT OF COLUMBIA, et al., Defendants.

Civ. A. No. 89–2389 (HHG).

United States District Court,
District of Columbia.

May 3, 1990.

See also, 741 F.Supp. 961.

J. Gordon Forester, Jr., David P. Blackwood, Greenstein Delorme & Luchs, P.C., Washington, D.C., for plaintiff.

Herbert O. Reid, Sr., Corp. Counsel, D.C., Martin L. Grossman, Deputy Corp. Counsel, D.C., Melvin W. Bolden, Jr., Chief, Sp. Litigation Section, Earnest Franklin, Jr., Asst. Corp. Counsel, D.C., Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

HAROLD H. GREENE, District Judge.

The instant action presents both constitutional and common law claims against the District of Columbia and Officer James Stolburg arising out of defendants' seizure and destruction of plaintiff's car. Plaintiff has moved for summary judgment against the District of Columbia on the issue of liability arguing that the destruction of the car without a post-seizure notice or hearing violated his due process rights.

The action arises under 42 U.S.C. § 1983, and in opposition to plaintiff's motion, the District asserts that it is not a "person" within the meaning of section 1983 and that, therefore, it cannot be held liable under that statute. The argument is grounded in the Supreme Court's recent decision in *Will v. Michigan Dept. of State Police*, —— U.S. ——, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989,) holding that states are not "persons" within the meaning of the Act.[1]

The District's effort to apply *Will* to this action is unavailing.[2] In a post-*Will* decision, the Court of Appeals for this Circuit

---

1. 42 U.S.C. § 1983 provides, in part, that "[e]very person who under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and the laws, shall be liable to the party injured in any action ..."

2. The District claims that "the Supreme Court in *Will* found that ... [C]ongress did not intend to subject the District government to liability under Section 1983." Def.Mem. at 5. This misrepresents that decision; *Will* does not, in any fashion, either positively or negatively, address the applicability of section 1983 to the District of Columbia.

concluded that the District of Columbia may be liable under section 1983 because it is a municipality and municipalities are "persons" under the statute. *Dorman v. District of Columbia,* 888 F.2d 159, 162 (D.C.Cir.1989). Indeed, a long line of cases supports this view. *E.g. Parker v. District of Columbia,* 850 F.2d 708 (1989); *Morgan v. District of Columbia,* 824 F.2d 1049 (D.C.Cir.1987); *Carter v. District of Columbia,* 795 F.2d 116 (D.C.Cir.1986).

The Supreme Court went out of its way in *Will* to make clear that the decision had no application to municipalities:

> States are protected by the Eleventh Amendment while municipalities are not, and we consequently limited our holding in *Monell* 'to local government units which are not considered part of the state for Eleventh Amendment purposes.' Conversely, our holding here doe not cast any doubt on *Monell* and applied only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes.

*Id.* 109 S.Ct. at 2311. Since the Eleventh Amendment does not apply to the District, *Committee of Blind Vendors v. District of Columbia,* 695 F.Supp. 1234, 1241 n. 6 (D.D.C.1988), the same reasoning and result apply here.

■ Next, the District of Columbia argues that it cannot be liable under *Monell v. New York City Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). This argument is frivolous. *Monell* expressly provides that a government may be liable under section 1983 for its official policies or customs. *Id.* at 694–95. The District's own filing makes

clear that its official policies and practices may provide for the destruction of seized vehicles without post-seizure notice or hearing. Def.Mem. at 5–7. Indeed, it is difficult to imagine a situation in which it could be any clearer that the injury, in any, resulted from an official practice or policy.

■ Defendants' final argument is that its failure to provide for a post-seizure hearing does not violate due process.[3] When, as here, a District official determines a car to be "junk," the official places a sticker on the car warning the owner that he has 72 hours to move the vehicle. If the car is not moved, it is towed away and destroyed. D.C.Mun.Regs. Title 18, § 1105.1(b).[4]

It appears from the regulations that the District provides no opportunity for the owner to challenge the city's determination that the car is junk or that it was illegally parked.[5] However, defendants' filings suggest that the District maintains an informal procedure whereby owners may challenge determinations regarding the status of their automobiles. *See* Def.Mem. at 8 (owner may inform Department of Public Works about the situation; car may not be classified as junk if owner can be reasonably notified).

In order to clarify whether such a procedure actually exists and, if so, whether it satisfies the requirements of due process, it is this 3rd day of May 1990

ORDERED That a hearing and oral argument be held at 4:30 p.m. on June 11, on whether the District provides an opportunity for car owners to challenge determinations as to the status of their automobiles,

**3.** Both cases defendants cite, *Sutton v. City of Milwaukee,* 672 F.2d 644, 648 (7th Cir.1982) and *De Franks v. Mayor and City Council of Ocean City,* 777 F.2d 185 (4th Cir.1985) appear to refute—rather than support—their argument. Both cases conclude that in the absence of both pre-towing notice and opportunity to be heard, some sort of post-towing hearing is constitutionally required. *Sutton,* 672 F.2d at 648; *De Franks,* 777 F.2d at 187. In the instant action, there was pre-towing notice, but apparently no opportunity for a hearing. *See infra.*

**4.** The District of Columbia draws a distinction between "junk" and "non-junk" vehicles. While

both categories receive similar pre-tow notice, non-junk cars are impounded for 60 days while efforts, including mailing, are made to locate the owners. *See* D.C.Code § 4–161 (1981 ed.). Junk cars, however, may be scrapped immediately following towing without any post-towing notice or attempt at post-towing notice. D.C. Mun.Regs. Title 18, § 1105.1(b).

**5.** If this is so, it is clear that the requirements of due process have not be met. *See Stypmann v. San Francisco,* 557 F.2d 1338 (9th Cir.1977). *See also Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (timely hearing is the hallmark of procedural due process).

and, if so, whether the opportunity satisfies the requirements of due process.

