34 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
A.C. O'LEARY, Plaintiff-Cross-Defendant-Appellant,
v.
CALIFORNIA HIGHWAY PATROL, Defendant,
and
Bill Brown; Larry Veale; J. McLenson; S. Debolt,
Defendants-Appellees,
Paul F. Nissley, dba Kelmark Towing; Linda Nissley,
Cross-Complainants-Appellees.
 No. 93-55597.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 29, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A.C. O'Leary appeals pro se the district court's judgment for the defendants in his 42 U.S.C. Sec. 1983 action alleging his due process rights were violated by the process afforded him after his vehicle was towed from a freeway on-ramp and impounded.[1] We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 This court reviews for clear error a district court's findings of fact, giving due regard to the trial court's opportunity to determine the credibility of witnesses. Fed.R.Civ.P. 52(a); Brooker v. Desert Hosp. Corp., 947 F.2d 412, 415 (9th Cir.1991). We review the district court's conclusions of law de novo. Id.
 
 
 4
 "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Stypmann v. City and County of San Francisco, 557 F.2d 1338, 1343-44 (9th Cir.1977) (citations and quotations omitted). "Due process is a flexible concept, and its procedural protections will vary depending on the particular deprivation involved." Goichman v. Rheuban Motors, Inc., 682 F.2d 1320, 1324 (9th Cir.1982). Due process does not require a hearing prior to the seizure of an automobile provided the owner is afforded a prompt post-towing hearing. See Scofield v. City of Hillsborough, 862 F.2d 759, 764 (9th Cir.1988). To determine whether the timing of a post-towing hearing satisfies due process, a court must balance three factors: (1) the private interest that will be affected by the action, (2) the risk of an erroneous deprivation of that interest through the procedures used and the value of additional or alternative safeguards, and (3) the additional costs and administrative burdens that additional procedures would entail. See Mathews v. Eldridge, 424 U.S. 319, 335 (1976); Goichman, 682 F.2d at 1324.
 
 
 5
 In this case, the district court concluded after a bench trial that O'Leary failed to show that the defendants violated his due process rights by not conducting a post-towing hearing until 100 hours after his hearing request. Cal.Veh.Code Sec. 22852(c) provides that a vehicle's owner is entitled to a hearing within 48 hours of the hearing request. Although the defendants did not provide a hearing within 48 hours, O'Leary's due process rights were violated only if he was not provided with process sufficient to meet the Mathews standard. See 424 U.S. at 335; Goichman, 682 F.2d at 1324; see also Conner v. Sakai, 15 F.3d 1463, 1466-67 (9th Cir.1993) (state regulations may provide process beyond that required by the constitution); Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir.1989) (prison's failure to meet its own guideline requiring hearing within eight days could not alone constitute denial of due process).
 
 
 6
 The private interest in the uninterrupted use of an automobile may be substantial, particularly where an individual has been deprived of the vehicle's use for several days. See Stypmann, 557 F.2d at 1342. Nevertheless, at trial, O'Leary presented no evidence that he suffered any financial or other hardship as a result of the vehicle's deprivation. See Jolly v. United States, 764 F.2d 642, 645 (9th Cir.1985). There was no evidence that O'Leary's ability to make a living was affected nor that his access to the necessities of life depended on the use of the unregistered vehicle. Cf. Stypmann, 557 F.2d at 1343. Thus, although O'Leary was deprived of the use of his vehicle for several days, he failed to establish any particular hardship as a result of the deprivation.[2]
 
 
 7
 As to the government's interest, the evidence presented at trial indicates that the defendants held the post-towing hearing at the earliest possible time. The officer in charge of O'Leary's hearing testified that the hearing was scheduled for the first available date and time. See Goichman, 682 F.2d at 1324-25 (officials may need time to arrange for officers' presence at the hearing, to obtain the citation, or to consult counsel). This testimony was uncontroverted. Thus, the government presented evidence that O'Leary's post-towing hearing could not have been significantly expedited without imposing unmanageable administrative burdens on the government. See id. at 1324.
 
 
 8
 Finally, California law provides that if at the post-towing hearing, the agency authorizing the towing fails to provide reasonable grounds for the towing, that agency bears the costs incurred. See Cal.Veh.Code Sec. 22852(e). Although in this case reasonable grounds for the towing were found, the existence of an alternative safeguard mitigated the impact of an erroneous deprivation in this case. See Mathews, 424 U.S. at 335.
 
 
 9
 Balancing the government and private interests as established at trial, we agree with the district court that O'Leary failed to show that the defendants violated his due process rights by not holding a post-towing hearing until 100 hours after his request.[3] See id.; Goichman, 682 F.2d at 1324.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 O'Leary filed an earlier appeal in which he challenged the district court's dismissal of his action for failure to state a claim. See O'Leary v. California Highway Patrol, No. 89-55747 (9th Cir. Jan. 14, 1991) (memorandum disposition). We reversed and remanded in part with respect to O'Leary's claim that he was deprived of due process because his post-towing hearing was not conducted within 48 hours of his request. Thus, the sole issue before the district court was whether O'Leary's due process rights were violated by the delay in the post-towing hearing. Our review therefore is limited to the district court's decision on that issue
 
 
 [2]
 For the first time in his reply brief, O'Leary contends that his private interest was substantial because he was forced to use another car before it was fit for driving. Facts not presented to the district court, however, are not part of the record on appeal. See United States v. Elias, 921 F.2d 870, 874 (9th Cir.1990)
 
 
 [3]
 To the extent O'Leary requests costs and expenses for his appeal, his request is denied