**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM J. WHITSITT, | No. 08-17526 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-01803-JSW |
| v. | |
| JEAN ZEDLITZ; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted October 25, 2011[**]

Before:     TROTT, GOULD, and RAWLINSON, Circuit Judges.

William J. Whitsitt appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional claims arising from

a traffic stop.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo

the district court's dismissal for failure to state a claim under Federal Rule of Civil

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2). *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138 (9th Cir. 2005). We may affirm on any ground supported by the record. *Shanks v. Dressel*, 540 F.3d 1082, 1086 (9th Cir. 2008). We affirm in part, vacate in part, and remand.

The Fourth Amendment claims against Zedlitz concerning Whitsitt's arrest and the impoundment of Whitsitt's vehicle were properly dismissed because Whitsitt was driving on a suspended license in violation of state law. *See* Cal. Veh. Code § 14602.6(a)(1) (an officer may arrest a person driving with a suspended license and seize the vehicle); *United States v. Hartz*, 458 F.3d 1011, 1018 (9th Cir. 2006) (an officer has probable cause to make a warrantless arrest if the facts suggest a fair probability that the suspect committed a crime); *Miranda v. City of Cornelius*, 429 F.3d 858, 865 (9th Cir. 2005) ("The violation of a traffic regulation justifies impoundment of a vehicle if the driver is unable to remove the vehicle from a public location without continuing its illegal operation.").

The district court properly dismissed the due process claims concerning the tow hearing. *See Goichman v. Rheuban Motors, Inc.*, 682 F.2d 1320, 1323-25 (9th Cir. 1982) (tow hearings under California Vehicle Code § 22852 satisfy due process).

The district court properly dismissed the claims against the County of

Alameda and the City of Dublin concerning the impoundment of Whitsitt's vehicle and the tow hearing. *See Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) (there is no municipal liability without an underlying constitutional violation).

The district court properly dismissed the conspiracy claims concerning the impoundment of Whitsitt's vehicle and the tow hearing. *See Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989) (to show a conspiracy under § 1983, there must be an underlying constitutional violation).

The district court properly dismissed the claims concerning the conditions of confinement when Whitsitt spent one night at the Santa Rita Jail. *See Bell v. Wolfish*, 441 U.S. 520, 535 & n.16 (1979) (pretrial detainees cannot be subject to conditions that "amount to punishment"); *Anderson v. County of Kern*, 45 F.3d 1310, 1314-15 (9th Cir. 1995) (temporary placement in cell that was dirty and smelled bad did not violate pretrial detainees' constitutional rights).

The district court properly dismissed the claims against Credit Regulating Services, Inc. because Whitsitt failed to allege any facts to show that this private entity was acting under color of state law or that it deprived him of a constitutional right. *See Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003).

The district court dismissed under 28 U.S.C. § 1915(e) the due process claim concerning the lien sale against R. Lance & Son on the ground that it was not

acting under color of law. We vacate the dismissal because, at this early stage in the proceedings, we cannot say that R. Lance & Son was not acting under color of law. *See, e.g.*, *Goichman*, 682 F.2d at 1322 (citing *Stypmann v. City & County of San Francisco*, 557 F.2d 1338, 1341-42 (9th Cir. 1977)).

We affirm the dismissal of the due process claim concerning the lien sale against defendants other than R. Lance & Son. *See Woodrum*, 866 F.2d at 1126 (to show a conspiracy under § 1983, there must be an agreement or meeting of the minds to violate the plaintiff's constitutional rights; conclusory allegations of a conspiracy are insufficient to support a claim).

The district court did not abuse its discretion by denying leave to amend Whitsitt's claims against defendants other than R. Lance & Son because amendment would have been futile. *See Gardner v. Martino*, 563 F.3d 981, 990, 992 (9th Cir. 2009).

We are not persuaded by Whitsitt's remaining contentions, including the contention that the arrest was unlawful because it was on private property.

Accordingly, we vacate the judgment as to the due process claim against R. Lance & Son concerning the lien sale, and remand to the district court with instructions to direct service on R. Lance & Son so that it may file a responsive pleading or motion. We otherwise affirm.

Whitsitt shall bear the costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**