UNITED STATES of America,
Plaintiff-Appellee,

v.

Geronimo Jesus GONZALEZ,
Defendant-Appellant.

No. 81–1398.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 7, 1982.
Decided Jan. 13, 1983.

Steven W. Reifman (argued), Southfield, Mich., for defendant-appellant.

Leonard Gilman, U.S. Atty., Ross Parker, Susan Daltuva (argued), Asst. U.S. Attys., Detroit, Mich., for plaintiff-appellee.

Before LIVELY and KRUPANSKY, Circuit Judges, and BROWN, Senior Circuit Judge.

PER CURIAM.

Defendant-appellant Geronimo Jesus Gonzalez (Gonzalez) here appeals from his

jury conviction in June, 1981 upon two counts of a three count indictment arising out of an attempt to manufacture phencyclidine (PCP), a controlled substance. On review, Gonzalez presents assignments of error addressed to the search warrant, the forcible entry by federal agents into the alleged drug factory, the court-sanctioned destruction of some evidence, the sufficiency of the evidence and an alleged modification of the indictment by the jury charge. The individual issues will be considered *seriatim*.

■ It is settled that where, as here, a structure is divided into more than one unit, probable cause must exist for each unit. *United States v. Votteller*, 544 F.2d 1355 (6th Cir.1976). The only generally recognized exception to the rule obtains when a building, though divided into units, is actually being used as one unit. *National City Trading Corp. v. United States*, 635 F.2d 1020, (2d Cir.1980); *United States v. Whitney*, 633 F.2d 902 (9th Cir.1980), *cert. denied*, 450 U.S. 1004, 101 S.Ct. 1717, 68 L.Ed.2d 208 (1981).

■ The warrant in the matter at bar is supportable under both the rule and the "singular control" exception. The warrant specifically authorized a search of 8936 Greenfield, further described in the warrant as "a two story brick and white aluminum siding building, with an apartment on the second floor and a former business place on the first floor". The supporting affidavit explicitly stated that the defendants, who had been observed delivering chemicals to the building, were seen "going back and forth between the second floor apartment * * * and the vacant room on the first floor." This evidence can be seen as establishing probable cause to search in each, clearly described unit for the contraband known to have been brought into the building, *United States v. Votteller, supra,* or as establishing probable cause to believe that, notwithstanding the divisions in the structure, the defendants' "going back and forth" put them in control of the whole building as if it were a single unit. *United States v. Whitney, supra.*

■ Gonzalez further objects to the utilization of a "knock-notice" forced entry by the government pursuant to 18 U.S.C. § 3109. This Court observes that the trial judge was presented with direct testimony from government and defense witnesses on this issue and specifically credited the agents' statements in finding that the requirements of the statute were met. This conclusion is not clearly erroneous and will not be disturbed. *United States v. Flores*, 540 F.2d 432 (9th Cir.1976); *See also United States v. Guidry*, 534 F.2d 1220 (6th Cir. 1976).

■ The instant appellant also contests the propriety of a court order which permitted the destruction of all but a representative sample of the dangerous precursor chemicals to PCP. Gonzalez argues that jury observation of the volume of chemicals involved would have enhanced the credibility of the defense theory of the case.

Courts have authorized the destruction of dangerous evidence, even without a prior hearing, where due care is taken to preserve samples and the bulk of the evidence is not material to a finding of guilt or innocence. *United States v. Loud Hawk*, 628 F.2d 1139 (9th Cir.1979) (*en banc*) (dynamite); *United States v. Callabrass*, 607 F.2d 559 (2d Cir.1979) (PCP chemicals); *United States v. Picariello*, 568 F.2d 222 (1st Cir.1978) (nitroglycerin). Further, in the matter at bar the defense was permitted to conduct its own inspection of the contraband, to photograph the full quantity of the chemicals, and to appear at any evidentiary hearing so as to assert any basis for retaining the total amount of seized chemicals. *See United States v. One 1972 Mercedes-Benz 250, etc.*, 545 F.2d 1233 (9th Cir.1977). Accordingly, in the absence of (1) "bad faith or connivance" by the government or (2) prejudice to the defendant, the order sanctioning the destruction of all but a sample of dangerous contraband is affirmed on review. *United States v. Heiden*, 508 F.2d 898 (9th Cir.1974).

■ Moreover, the defendant-appellant maintains that the evidence was insuffi-

cient to support his conviction for conspiracy. Bearing in mind the limited scope of review which restricts the Court in appeals from a jury verdict, *United States v. Levinson,* 405 F.2d 971 (6th Cir.1968), it is apparent that the observed activities of both defendants in working with the chemicals at the Greenfield building; the "caravan" drive to Illinois to buy chemicals; the joint unloading of the chemicals; and the fact that both men had keys to the Greenfield premises where, undeniably, a PCP factory was located, are sufficient bases for circumstantially proving the conspiracy and Gonzalez' participation therein. *United States v. Thompson,* 533 F.2d 1006, (6th Cir.), *cert. denied,* 429 U.S. 939, 97 S.Ct. 353, 50 L.Ed.2d 308 (1976).

Finally, it is urged that the trial judge impermissibly modified the indictment, which charged Gonzalez with possessing piperidine with the knowledge it would be utilized for PCP, by reading to the jury the relevant portion of 21 U.S.C. § 841(d)(2) which proscribes possession by one "knowing or having reason to believe" that the piperidine will be used to manufacture PCP.

The statute, 21 U.S.C. § 841(d)(2), combines two phrases which defendant Gonzalez would like this Court to view as two separate crimes. The two phrases, "knowing," or "having reasonable cause to believe" simply define the scienter requirement in the statute. Certainly the government could not have charged the defendant Gonzalez in one count with "knowing" that the piperidine would be used to manufacture phencyclidine and in another separate prosecution with "having reasonable cause to believe" that the piperidine would be used to manufacture PCP. This Court cannot conclude that the utilization of the statutory language in the jury instruction was "a material alteration of the theory of criminal liability presented in the indictment" which would constitute plain error. *United States v. Jones,* 647 F.2d 696, 700 (6th Cir. 1981).

Accordingly, the appellant's conviction is hereby affirmed.