**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Neil FUNDERWHITE, Defendant– Appellant.**

No. 98–1211.

United States Court of Appeals, Seventh Circuit.

Submitted May 28, 1998.

Decided June 29, 1998.

Peggy A. Lautenschlager (submitted on briefs), Office of the United States Attorney, Madison, WI, for Plainitff–Appellee.

Robert T. Ruth, Madison, WI, for Defendant–Appellant.

Before FLAUM, MANION, and DIANE P. WOOD, Circuit Judges.

FLAUM, Circuit Judge.

Neil Funderwhite made his home in an abandoned bread truck on the property of Robert Vance. The truck sat on cinder blocks approximately fifty yards from

---

Vance's three-story house. Police officers searched Funderwhite's truck pursuant to a search warrant for the premises "occupied by Robert R. Vance." The police found a gun inside Funderwhite's van, and a grand jury indicted him of violating, among other statutes, 18 U.S.C. § 922(g)(1), which prohibits the possession of firearms by felons. Funderwhite moved to suppress evidence of the gun, but when that motion proved unsuccessful, he pleaded guilty to the § 922(g)(1) charge subject to his ability to appeal the denial of his motion. We affirm the district court's denial of Funderwhite's motion to suppress.

■ Funderwhite asks us decide in this appeal whether the warrant authorized the search of his van. The Fourth Amendment requires that search warrants "particularly describ[e] the place to be searched." The complaint in support of the warrant described the "structure" occupied by Robert Vance in great detail and then proceeded to report that Funderwhite's van was located near Vance's house:

> [T]he informant further reported that Robert Vance's structure is located at 3346 Blue Jay Lane in the Town of Ringle, Marathon County, Wisconsin. The informant says that it is a three story structure with log sides. The logs are tan colored. The informant says the structure has a metal roof which is silver colored. The informant says that the entrance to the structure is gained through a door located on the east side of the structure. The informant says there are numerous junked and disabled vehicles near the structure and Neil Funderwhite's large white van is located to the north of the structure.

The complaint averred that the informant had witnessed—in addition to the large amount of drugs in Robert Vance's house—a marijuana pipe and handgun in Funderwhite's white truck: "The informant further reported that he/she personally observed a marijuana pipe and a .357 magnum pistol in the white van to the north of Vance's structure. The informant further reported that the white van is used as a residence by Neil R. Funderwhite." Based on this complaint, a judicial officer in Marathon County issued a warrant that authorized a search of the "premises ... occupied by Robert R. Vance." The warrant, however, did not formally incorporate the complaint but described the premises to be searched by copying the descriptions of both Vance's "structure" and Funderwhite's van from the complaint. This description differed from the language of the complaint only in its omission of references to the informant and the addition of Funderwhite's date of birth. The warrant authorized a search of Vance's structure and Funderwhite's van for evidence of marijuana, drug paraphernalia, and other related items.

Pursuant to this warrant, police officers seized a loaded revolver and evidence of cocaine and marijuana use from Funderwhite's van. After a grand jury indicted him on various criminal charges, Funderwhite moved to suppress all evidence seized from his residence. He claimed that the officers lacked a warrant (or exigent circumstances) to conduct the search of his van. In an affidavit accompanying the suppression motion, he testified that he retained the right to exclude all others from the van notwithstanding the fact that it was located on Vance's property. In exchange for this right, he stated, he assisted Vance in the construction of a log cabin and performed assorted other odd jobs.

The magistrate judge found that Funderwhite's van was analogous to an apartment in a multi-unit dwelling owned by Vance. In such situations, we have held that separate warrants are not necessary for each unit when a warrant describes the units to be searched with particularity and independent probable cause supports each of those searches. *See United States v. Butler*, 71 F.3d 243, 249 & n. 3 (7th Cir.1995); *United States v. Hinton*, 219 F.2d 324, 326 (7th Cir.1955); *see also United States v. Alexander*, 761 F.2d 1294, 1301 (9th Cir.1985) (upholding search of small trailer on 40–acre ranch because probable cause to search the ranch extended to all structures thereon); *United States v. Gonzalez*, 697 F.2d 155, 156 (6th Cir.1983) (upholding search of both units of a multi-unit dwelling when probable cause supported the search of each unit and the warrant specifically mentioned both units).

Because the magistrate judge found that probable cause existed for searching each "unit" on Vance's premises (the van and Vance's house), and because the description of Vance's "premises" included Funderwhite's van, the motion to suppress was denied. The district court adopted the recommendation of the magistrate judge.

Funderwhite does not contest the district court's findings that the complaint in support of the warrant established probable cause to search his van. Rather, he argues that the warrant did not authorize that search because the van, although located on Vance's premises, was not "occupied by Robert R. Vance." *See Horton v. California,* 496 U.S. 128, 140, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990) ("If the scope of a search exceeds that permitted by the terms of a validly issued warrant or the character of the relevant exception from the warrant requirement, the subsequent seizure is unconstitutional without more."). The warrant certainly could have been drafted with greater precision to avoid this technical attack. Indeed, the complaint supporting the warrant (which provided probable cause to search Funderwhite's van) never described the areas to be searched by reference to Vance's "occupancy."

■ Nevertheless, we decline Funderwhite's invitation to seize upon the slightest possible ambiguity in the warrant. It is a perfectly proper statement of fact that Robert Vance "occupied" the premises at 3346 Blue Jay Lane on which Funderwhite's van was located; Vance owned the property, and it would not be unusual to describe the premises broadly by reference to the owner-occupant. Furthermore, any ambiguity created by the introductory phrase was cured later by the specific reference to Funderwhite and the van he occupied as a residence on Vance's property. The word "premises" is a generalized term defined almost entirely by reference to the context in which it is used. *See generally United States v. Griffin,* 827 F.2d 1108, 1115 (7th Cir.1987), *cert. denied,* 485 U.S. 909, 108 S.Ct. 1085, 99 L.Ed.2d 243 (1988). The phrase "occupied by Robert R. Vance" is only the beginning of the warrant's description of the premises to be searched;

the warrant's discussion of Funderwhite's van was a further elaboration of the description of the area to be searched.

Moreover, even assuming that we accepted Funderwhite's narrow interpretation of the term "occupied," the complaint in support of the warrant does not indicate that the police had any way of knowing whether Vance had access or occupancy rights over Funderwhite's van. This question was not answered until Funderwhite submitted an affidavit in support of his motion to suppress. At the time of the search, though, the officers had every reason to believe that Funderwhite's van-like a guest house on a large estate—might also be "occupied by Robert R. Vance." Thus, operating under this assumption at the time of the search, the police (and magistrate judge) could very easily have thought that the van was included in the premises occupied by Vance. If the police and magistrate judge understood the phrase "occupied by Robert R. Vance" to be co-extensive with the area encompassing Funderwhite's van, then there is no reason to give that phrase the limiting construction that Funderwhite urges.

Finally, this case is closely analogous to the situation presented to the Supreme Court in *Massachusetts v. Sheppard,* 468 U.S. 981, 104 S.Ct. 3424, 82 L.Ed.2d 737 (1984). In *Sheppard,* a companion case to *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3430, 82 L.Ed.2d 677 (1984), a detective prepared an affidavit demonstrating probable cause in an effort to obtain a warrant to search the home of a suspected murderer. The detective could not locate the proper warrant form for a murder investigation, so he was forced to use a form applicable to searches for controlled substances. He deleted the subtitle "controlled substance" from the top of the form but neglected to amend the remainder of the form to include the items for which he wanted to search in the murder suspect's home. He informed the judge, however, that the substitute form only authorized searches for controlled substances, and the judge assured the detective that the appropriate changes were made to the warrant. Based on this assurance, police officers conducted a search of the suspect's home along the con-

tours outlined by the affidavit supporting the warrant. The search resulted in the discovery of inculpatory evidence, which the suspect sought to suppress because the language of the warrant authorized only a search for controlled substances.

The Supreme Court held that the evidence should not be suppressed despite the technical flaws in the warrant because "the officers reasonably believed that the search they conducted was authorized by a valid warrant." *Sheppard*, 468 U.S. at 988, 104 S.Ct. 3424. The Court stated that "[s]uppressing evidence because the judge failed to make all the necessary clerical corrections despite his assurances that such changes would be made will not serve the deterrent function that the exclusionary rule was designed to achieve." *Id.* at 990–91, 104 S.Ct. 3424. The same concerns are implicated in the present case. The complaint supporting the warrant provided a specific description of Funderwhite's van and offered sufficient evidence to establish probable cause to search the van. The issuing judge, however, described the premises to be searched as those "occupied by Robert R. Vance." Regardless of whether this description placed Funderwhite's van technically outside the scope of the warrant (which, as we explained earlier, we do not think it did), we agree with the district court that the officers in this case had an objectively reasonable, good-faith belief that the judge had signed a warrant authorizing such a search. The complaint supporting the warrant did not seek authorization for a search limited to the areas occupied by Vance. Indeed, for that very reason, the complaint specifically described Funderwhite's van and provided distinct evidence of probable cause to search the van. As further proof of the issuing judge's clerical oversight, the description of the premises to be searched included Funderwhite's van. For these reasons, the officers held the objectively reasonable belief that the warrant authorized them to search the van.

For the foregoing reasons, we affirm the district court's denial of Funderwhite's motion to suppress.